JOSEPH GRANGER, Adm'r. *versus* JOSEPH N. CLARK.

A judgment of a court of record within the State, of general jurisdiction, and proceeding according to the course of the common law, where a want of jurisdiction is not apparent on the record, cannot be impeached by the parties to it, so long as it remains unreversed.

If in such case fraud, or want of jurisdiction actually existed, it must be made to appear in the appropriate process to obtain a reversal of the judgment; and until such process has been resorted to, and has proved effectual, the judgment is conclusive between the parties to it.

But when judgments are collusively procured between the parties, with a view to defraud some third person, the latter is not estopped to show the fraud.

DEBT on a judgment recovered by G. I. Galvin, on whose estate the plaintiff as administrator, at the C. C. Pleas for this county, Sept. Term, 1837, against the defendant.

In this action the defendant pleaded *nul tiel record*, and by brief statement averred, "that he never was served with any process, or had any notice whatever of the original process, upon which the supposed judgment was rendered, or appeared to or in the same, or authorized any one to appear for him; that he never was an inhabitant or resident of the State of Maine; that the said judgment was obtained against him by fraud; that the names of the supposed trustees in the original process were collusively inserted therein for the purpose in that way of making or effecting a service on the defendant, and bringing the cause within the jurisdiction of the Court here; that the said supposed trustees never had any goods or effects of the said Clark in their hands or possession; and that the said Clark did not owe the said Galvin the sum sued for in the said original writ, or any part thereof."

The plaintiff adduced in evidence the judgment declared on, and proved by the record, that the trustees summoned in the original suit were defaulted.

The trial was before WESTON C. J., who ruled that the matters set forth in the brief statement, if shown to be true, constituted no defence to this action. The defendant was thereupon defaulted. The default was to be taken off, if the matters contained in the brief statement, if proved, would, in

the opinion of the Court, be available in defence of this action.

*Bridges* argued for the defendant.

The positions taken in the defence are stated in the opinion of the Court. The counsel cited, Story's Con. of Laws, 508; 6 Pick. 232 ; 9 Mass. R. 462; 1 Fairf. 278; 2 Fairf. 89; 6 Com. Dig. Estoppel, 1 and 3 ; 14 Maine R. 351 ; 3 Johns. R. 256 ; 1 Stark. Ev. (in 2 Vol.) 253 ; 15 Mass. R. 207 ; 19 Johns. R. 164.

*J. Granger, pro se.*

This judgment appears regular on its face, and was rendered in a court of general and competent jurisdiction, within this State.   It is conclusive until reversed by writ of error, or review.   11 Mass. R. 597 ; 13 Mass. R. 264 ; 1 Pick. 435 ; 4 Mass. R. 382 ; 6 Mass. R. 328 ; 7 Mass. R. 399 ; 9 Mass. R. 124 ; ib. 143 ; 11 Mass. R. 227 ; 15 Mass. R. 185 ; 1 Stark. Ev. 208 ; 18 Pick. 393 ; 17 Mass. R. 237 ; 6 Pick. 422 ; 3 Pick. 33 ; 13 Pick. 53 ; 9 Mass. R. 462 ; 1 Fairf. 278 ; 3 Shepl. 73.

The opinion of the Court was prepared by

Whitman C. J. — The opinion given in this case, by the late Chief Justice of this Court, we presume, was upon the ground, that a judgment of a Court of record, proceeding according to the course of the common law, could not be impeached by either of those appearing of record to be parties thereto, so long as it remained unreversed.   The counsel for the defendant contends, that, if a judgment be obtained by fraud, or if rendered by a Court not having jurisdiction, it may be treated, by the party injuriously affected by it, as a nullity; and that it is competent for a defendant to show, by evidence *aliunde,* that he was not amenable to the jurisdiction of the Court ; and that, in such case, he may defend himself against a judgment recovered against him without showing it to have been reversed.   And there are *dicta* which may seem to tend to fortify these positions.   It is commonly said, that fraud

vitiates every thing, and that a judgment rendered by a Court, without jurisdiction, is a nullity.

But fraud and want of jurisdiction must be made apparent. The want of jurisdiction is sometimes apparent upon the face of the record, as in the case of tribunals of a limited jurisdiction. If, on looking at the subject matter of the judgment, it can be clearly seen to be not within the jurisdiction of the Court rendering it, it may be treated as a nullity without a reversal. But where a want of jurisdiction actually exists in a domestic tribunal of general jurisdiction, and is not apparent upon the record, there must be some appropriate mode of ascertaining it. This mode is by writ of error. And until such appropriate mode has been resorted to, and has proved effectual, the judgment must be considered as conclusive, and as importing absolute verity. The same may be said with regard to fraud in obtaining a judgment. This is never apparent upon the face of the record. Domestic judgments therefore, if fraudulently obtained, must be considered as conclusive until reversed. *Peck* v. *Woodbridge*, 3 Day, 30; *Simms* v. *Slackum*, 3 Cranch, 300; *Cook* v. *Darling*, 18 Pick. 393.

There are cases, such as are cited by the counsel for the defendant, of foreign judgments, and judgments rendered in the other States of the Union, in reference to which a different doctrine, when they come in question here, necessarily prevails. And when judgments are collusively procured between parties, with a view to defraud some third person, not a party thereto, the latter is not estopped to show the fraud. But these are very distinguishable from the case before us.

*Judgment must be entered on the default.*