No. 8391.

MARSHALL v. GILL ET AL.

**DITCHES AND DRAINS.**—*County Commissioners.*—*Jurisdiction.*—*Collateral Attack.*—County commissioners have jurisdiction over the subject of

Marshall *v.* Gill *et al.*

the construction of ditches and drains, and their determination of the facts essential to such jurisdiction can not be collaterally attacked.

INJUNCTION.—*Appeal.*—Where there is an adequate remedy by appeal, the extraordinary remedy of injunction can not be invoked.

SAME.—Where errors occur in the course of a trial, they may be corrected by appeal, but not in a collateral proceeding.

PLEADING.—*Jurisdiction.*—A general conclusion in a pleading averring want of jurisdiction, if unsupported by facts, will not avail, even in cases where the record of the proceeding does not disclose jurisdiction.

From the Huntington Circuit Court.

*J. B. Kenner*, for appellant.

*J. C. Branyan*, *C. W. Watkins* and *M. L. Spencer*, for appellees.

ELLIOTT, C. J.—The first paragraph of the appellant's complaint alleges that Lorinda I. Gill filed her petition for the establishment of a ditch ; that at the March term, 1879, of the board of commissioners of Huntington county, viewers were appointed ; that the viewers reported ; that the commissioners made, and entered of record, the following order :

"The foregoing report having been filed, and notice of the same given according to law, proof of publication is now filed.

"James H. Marshall filed his answer, denying the public utility of the ditch, as well as all the allegations of the petition (H. I.) and offered proof on the same, to which petitioners objected ; and the court, being fully advised, sustained the objection, and no evidence was heard on the petition ; and the board, being fully satisfied with the sufficiency of the foregoing report, and that the provisions of the second section of an act entitled 'An act to enable owners of wet lands to drain and reclaim them when the same can not be done without affecting the lands of others, prescribing the powers and duties of county boards and other officers in the premises, and to provide for the repair of such drains,' approved March 9th, 1875, have been complied with, do receive the said report and approve the same, and hereby

order that said ditch be located and established as specified in the petition and report of the viewers. And it is further ordered by the board that the said viewers shall proceed to make an estimate, and report the same as required by sec. 11 of the above entitled act; and the auditor is hereby instructed to transmit a certified copy of the above order to the said viewers."

Following the statement of the order is this allegation: "And the plaintiff avers that, by the decree and finding above, such jurisdiction over the subject-matter as would authorize an order constructing said drain was not acquired by the board of commissioners, and that said order is void." It is then averred that the commissioners directed the appointment of viewers; that viewers were appointed; that an assessment was levied upon appellant's lands, and that the appellees are threatening to collect the same. Prayer for an injunction. This paragraph of the complaint is bad for many reasons. It is bad because, the commissioners having determined the facts essential to jurisdiction, that decision can not be collaterally impeached. It is bad because the finding and order is not the proceeding which confers jurisdiction. It is bad because it is not shown that the commissioners did not possess complete jurisdiction. It is bad because it shows only an error in deciding a question arising in the course of the litigation, and the remedy is by appeal, and not by injunction. Where there is an adequate remedy by appeal, the extraordinary remedy of injunction can not be invoked. Where errors occur in the course of a trial, they can be corrected by appeal, but not in a collateral proceeding.

The second paragraph sets out more fully the record of the commissioners, but does not set forth the petition. It is alleged "that said board did not have jurisdiction of the subject-matter of the case; that the construction of the drain will not be of public utility, but will be upon lands of this

Marshall *v.* Gill *et al.*

plaintiff a great nuisance from the fact that there is no fall, and the water will not flow from plaintiff's lands ;'' that injury will be done the said lands instead of benefit. The allegations as to the levying of an assessment and the threats to collect it are substantially the same as those of the first paragraph, and the prayer for relief is the same.

The allegation that the commissioners did not have jurisdiction is not sufficient to make this paragraph good. The extract copied from the commissioners' record shows a judgment and shows a finding that the statute was fully complied with. This is conclusive against a collateral attack. If it were not, there are no facts from which it can be inferred that the commissioners did not possess jurisdiction. The law invests them with jurisdiction over the subject of ditches and drains, and where their judgment is assailed in such a manner as that adopted by the appellant, there must be some facts showing that they did not have jurisdiction of the particular case. *Hume* v. *The Little Flat Rock Draining Association*, 72 Ind. 499 ; *Houk* v. *Barthold*, 73 Ind. 21 ; *Muncey* v. *Joest*, 74 Ind. 409. A general conclusion unsupported by facts will not avail, even in cases where the record does not disclose jurisdiction. But we need not further consider this point, for it is very plain that the case is fully within the familiar rule, that the decision of an inferior tribunal upon such a question can not be collaterally impeached.

The error committed by the commissioners in refusing to hear evidence did not render their proceedings void. Such errors may be corrected upon a direct proceeding, but not by an application for injunction.

The question, whether the ditch was or was not of public utility, is by law expressly committed to the decision of the commissioners. The law having expressly provided a forum for the trial of that question, there the parties must try it. If the commissioners wrongly decide the question, the remedy is by appeal. Such questions can not be tried upon an

application for an injunction. No principle is better settled than this.

Both paragraphs of the complaint are bad.

Judgment affirmed.