No. 10,589.

Scott et al. *v.* The State, for the Use of Busenburg, Commissioner of Drainage.

Demurrer.—*Answer.*—*Complaint.*—A demurrer to an answer reaches the complaint, and, if the complaint is insufficient, it is error to sustain the demurrer, whether the answer is good or bad.

Drainage.—*Commissioner.*—*Suit for Assessment.*—*Lien.*—*Notice.*—*Complaint.*—*Demurrer.*—A complaint by a drainage commissioner, under section 4277, R. S. 1881, to enforce a lien upon lands for benefits assessed, is insufficient unless it avers that notice of the establishment of the work by the court has been recorded in the recorder's office of the county, as a lien for such assessments does not attach until such notice has been recorded, and this question is presented by a demurrer to the answer.

From the Fulton Circuit Court.

*W. Niles* and *M. R. Smith,* for appellants.

*M. L. Essick* and *G. W. Holeman,* for appellee.

Best, C.—The 5th section of the act of April 8th, 1881, provides that a commissioner of drainage may bring suit in the name of the State for his use to enforce a lien upon any land for the amount of benefits assessed upon it, and this suit was thus brought to enforce a lien upon the land of Mary R. Scott, one of the appellants, for the amount assessed by said commissioner in pursuance of the provision of said act. The assessment is the same mentioned in the case of *Scott* v. *Brackett, post,* p. 413. The complaint consisted of one paragraph. A demurrer for the want of facts was overruled to the complaint. An answer of two paragraphs was filed. The first was a general denial; the other was special. A demurrer was

Scott *et al. v.* The State, for the Use of Busenburg, Comm. of Drainage.

sustained to the second paragraph, and an exception reserved. The cause was tried by the court, and, over a motion for a new trial, judgment was rendered for the appellee.

The appellants assign as error that the court erred in overruling the demurrer to the complaint, in sustaining the demurrer to the second paragraph of the answer, and in overruling the motion for a new trial.

The demurrer to the answer reaches the complaint, and, if the latter was insufficient, the ruling upon such demurrer was erroneous, whether the answer was good or bad. *Sugar Creek Tp.* v. *Johnson*, 20 Ind. 280; *Menifee* v. *Clark*, 35 Ind. 304; *Lytle* v. *Lytle*, 37 Ind. 281; *Kretsch* v. *Helm*, 45 Ind. 438.

It, therefore, becomes unnecessary to examine the answer, as we are of opinion, for the reasons hereinafter given, that the complaint was insufficient.

The 6th section of the act in question provides that "The amount of assessments so made by such commissioner shall be a lien upon the lands so assessed, from the date of recording notice of the establishing of the work by the court. Such commissioner shall, as soon as may be, after he has been directed to construct the work, make out a notice, wherein he shall state that the work has been established by the court; also, the several assessments of benefits to the several tracts of land, as the same have been finally confirmed by the court, and cause the same to be recorded in the office of the recorder of each county where any such lands may be situated. Such recording shall be notice to all the world of such lien from the date thereof."

It will be observed that the assessments made by such commissioner only became a lien upon the land from the time that notice that the work has been established by the court is recorded in the recorder's office of the county where the land is situated. There is no averment in the complaint that any such notice was ever recorded. The only averment in relation to any record is that the commissioner "did, on Octo-

ber 1st, 1881, assess 85 per cent. of the benefits assessed to the land affected by the ditch, and caused the same to be recorded in the office of the recorder of Fulton county, Indiana." The statute does not require this assessment to be recorded, and this assessment is not the notice required to be recorded by the 6th section of the act. Unless such notice has been recorded no lien attaches, and in order to enforce such lien it must be averred that the notice has been recorded. For want of such averment the complaint was insufficient, and the demurrer should have been sustained to it.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things reversed, at the appellee's costs, with instructions to sustain the demurrer to the complaint.