Scott *et al. v.* Brackett *et al.*

No. 10,076.

SCOTT ET AL. *v.* BRACKETT ET AL.

DRAINAGE.—*Commissioner of.*—*Petition for Drain.*—*Notice.*—*Statute Construed.*
—The circuit court has no power, under the provisions of the act of April 8th, 1881, R. S. 1881, sections 4273, 4284, to refer a petition for the location of a ditch to a commissioner of drainage until an affidavit has been filed showing that notice has been given as required by the 3d section of said act, section 4275, R. S. 1881.

SAME.—*Defective Affidavit.*—A defective affidavit will not authorize the reference, nor will a sufficient one subsequently filed cure the defects, as the requirement that notice must be shown by affidavit filed is a condition precedent to the power to make the reference.

SAME.—*Service of Process.*—Where an insufficient affidavit is filed, the service of process must be deemed defective, and this is good cause for reversal upon appeal.

SAME.—The 8th section of said act, section 4280, R. S. 1881, which provides that the judgment shall be deemed conclusive, that all prior proceedings were regular and according to law, can not apply to such prior proceedings as confer jurisdiction, and, hence, can not cure a defect in the service of process.

SAME.—*Presumption.*—Where proof of the service of process is in the record, its sufficiency is in no manner aided by any presumption.

SAME.—*Constitutional Law.*—It does not follow because certain provisions of said act may be invalid, that the entire act is unconstitutional, and as appellant's personal property was not sold, and he was not denied a trial by jury, the constitutionality of these particular provisions does not arise and can not be considered.

SAME.—The act in question is not unconstitutional, for the reason that no provision is made for personal service of notice upon the owner of the

land affected by the location of such ditch, nor for the further reason that the commissioners of drainage discharge their duties under the control and subject to the order of the court.

From the Fulton Circuit Court.

*W. Miles* and *M. R. Smith,* for appellants.

*M. L. Essick* and *G. W. Holeman,* for appellees.

BEST, C.—On the 2d day of August, 1881, Lyman M. Brackett, Alfred H. Robbins and Anson H. Merrick filed their petition in the clerk's office of the Fulton Circuit Court for the construction of a ditch in Rochester township, in said county. On the 7th day of September following, an affidavit that notices had been posted was presented to the court and an order was made referring the matter to the commissioners of drainage of said county, directing them to examine the proposed work and make their report on the 21st day of said month. On the 21st of said month said commissioners filed their report, in which the estimated cost of such proposed work was fixed at $3,478.60, and the benefits assessed to various parcels of land therein described aggregated $4,494.15, $2,269.80 of which was assessed to lands belonging to the appellant Mary R. Scott. No remonstrance having been filed to the report, the same was, on the 1st day of October thereafter, confirmed, and Isaac Busenburg, one of said commissioners, was directed to construct the work. Afterwards said commissioner assessed eighty-five per cent. of the benefits named to each tract of land mentioned in the report, and on the 8th day of October thereafter gave notice through a newspaper that such assessment was payable in five equal instalments, the first on the 9th day of November, 1881, and the balance in one, two, three and four months from that time, and also caused a notice to be recorded in the recorder's office of said county, that the work had been established, and that the assessment of benefits had been confirmed by the court. On the 13th day of December following, the appellants filed their petition or motion to set aside said judgment establish-

ing said proposed work and approving said assessments, and. asked to be permitted to remonstrate against the report of said commissioners. The grounds of this application were these:

1st. That they did not have any actual notice of the pendency of said proceedings until after the rendition of the judgment.

2d. That the court erred in referring the matter to the commissioners of drainage until an affidavit had been filed, that. notices of an intention to present the petition had been posted for twenty days in three public places in the township where the lands described in the petition are situated.

3d. That the act of April 8th, 1881, under which the proceedings were had, is unconstitutional.

4th. That Mary R. Scott, the appellant, owns 1,040 acres of land, which is assessed at $2.20 per acre, in all, $2,269.80, and that the balance of the land, $2,121\frac{40}{100}$ acres of land, is. assessed at $1.03 per acre; in all, $2,189.35; and that her assessment is unjust, inequitable and oppressive.

5th. That Lyman M. Brackett is the only petitioner who is prosecuting this proceeding, and that his land, forty acres, has. only been assessed at forty-four cents per acre, in all, $17.50.

6th. That said proposed ditch is not sufficient to properly drain the lands affected, and that said lands to be benefited by such proposed ditch have been omitted from such assessment.

Pending this motion, the appellees obtained leave and filed an amended affidavit, stating that the notices posted were posted in the township where the real estate mentioned in the petition is situated, after which the court overruled the application of appellants to set aside the judgment. From this judgment the appellants appeal.

The first question presented is whether the court erred in referring said petition to the commissioners of drainage before the proper affidavit was made as required by statute.

These proceedings were had in pursuance of the act of April 8th, 1881, and to the provisions of that act we must.

look to determine the regularity and legality of these proceedings. The 1st section provides that the circuit court of each county shall appoint two persons commissioners of drainage, and that the county surveyor, by virtue of his office, shall be the third. The 2d section provides that whenever the owner of lands, which will be benefited by drainage, and which can not be done without affecting the land of others, desires such drainage, he may apply by petition to the circuit court of the county where said land is situated, stating therein that the public health will be improved, or that one or more highways of the county, or a street or streets of a town or city will be benefited, or that the proposed work will be of public utility, giving the method by which the work can be done in the cheapest and best manner, and stating that the costs, damages and expenses will not exceed the benefits which will result to the owners of land likely to be benefited thereby.

The 3d provides that " When it shall be made to appear by affidavit that notice of the intention to present such a petition has been posted for twenty days in three public places in each township where the lands described in the petition are situated, and near the line of the proposed work, and one at the door of the court-house of each of the counties in which said lands are situated, the court shall hear the same, and, if the provisions of the last preceding section have not been complied with, shall dismiss the petition; otherwise, it shall make an order referring the matter to the commissioners of drainage of the county, and fix therein a time and place for the meeting of said commissioners, and a time when they shall report." The 3d further provides that if they find in favor of such proposed work, they shall locate the same, assess the benefits or injury to each separate tract of land, and estimate the cost of the ditch.

The 4th section provides that upon making the report to the court, three days shall be allowed to any owner of lands affected by the work proposed to remonstrate against the report, for any of the following reasons:

"*First.* That the petition is not according to law.

"*Second.* That the report of the commissioners is not according to law.

"*Third.* By any person or persons whose lands are assessed for benefits, that the damages assessed to any other specified tract are exorbitant.

"*Fourth.* By any person or persons whose lands are assessed for benefits, that his, her, or their specified lands are assessed too much as compared with other lands assessed as benefited.

"*Fifth.* By a person to whom damages are assessed, that the same are inadequate.

"*Sixth.* That it is not practicable to accomplish the proposed drainage without an expense exceeding the aggregate benefit.

"*Seventh.* That the proposed work will neither improve the public health, nor benefit any public highway of the county, nor be of public utility.

"*Eighth.* That the work decided upon is not sufficient to properly drain the lands to be affected."

The 4th section further provides that "If there be no remonstrance, * * the court shall also make an order declaring the proposed work established and approving the assessment, and shall direct some one of the commissioners to construct and make the proposed work."

The 5th provides that the commissioner shall from time to time assess upon the lands benefited such sums, not exceeding the benefits assessed, as may be necessary to construct the work; and the 6th provides that he shall prepare a notice, stating therein that the work has been established, the assessment of benefits, as confirmed by the court, cause it to be recorded in the recorder's office of the county, and that the assessment made by such commissioner shall be a lien from the time such notice is recorded.

It will be observed that this statute makes no provision for personal notice. The only notice required is constructive. With such notice, a lien may be fixed upon the land affected

VOL. 89.—27

by the proposed work. Without it, no lien can be acquired, though it is so declared. This is elementary, as every man must have " his day in court." *Campbell* v. *Dwiggins*, 83 Ind. 474; 2 Works Prac., sec. 995, and authorities cited.

This lien is given by statute, and in order to acquire it the provisions of the statute must be pursued. This is especially true in the observance of those provisions which confer the authority to proceed. These are jurisdictional, and without their observance the court possesses no power to make any order in the proceeding. This is the rule as to process; if none is served the court has no jurisdiction. If notice is given, but not such as is required by the statute, and the court proceeds, its action is at least erroneous, and will be reversed upon appeal, where there has been no waiver of the irregularity. Without notice as required by the statute, the court possesses no power to refer the matter to the commissioners of drainage, nor does it possess any power to make such reference until an affidavit that notice has been given as required by statute has been made. This is the express provision of the statute. In no other way can it appear that notice has been given, and in its absence it does not appear that notice was given. It will not do to say that the affidavit is mere proof that notice was given, and that if it were in fact given the reference is not erroneous, though the affidavit required by statute is not made. The statute requires it, and in order to fix a lien upon lands affected, against the owner's wishes, its provisions must be observed. This is especially true where it is sought to be done by constructive notice. In such case, all the requirements of the statute must be observed in order to authorize the court to proceed and fix the lien. *Cissell* v. *Pulaski County*, 10 Fed. R. 891; *Steinbach* v. *Leese*, 27 Cal. 295; *Staples* v. *Fairchild*, 3 N. Y. 41; *Payne* v. *Young*, 8 N. Y. 158.

In the absence of an affidavit, the court possessed no power to make the reference, as it does not and can not otherwise appear that the notice required by statute has been given. An

affidavit, however, was filed. This was not such as required by the statute. This the appellees concede, and after the judgment of confirmation they filed another, and now insist that this affidavit supplied the defect. We think otherwise. The requirement of the statute, that an affidavit must be made that notice has been given, is a condition precedent to the right to make the reference, and the reference can not be made until this requirement of the statute has been observed. Cooley Const. Limitations, 292 ; *Peabody* v. *Sweet*, 3 Ind. 514. Besides, the additional affidavit was defective, in this, that it did not show that said notices had been posted for twenty days before the reference, and this fact was not shown by either affidavit. If, then, the additional affidavit may be regarded as supplying all other defects, both of them only show defective service, which is, as has often been decided, good cause for reversal upon appeal. Freeman Judgments, sec. 126, and authorities there cited.

In this case there was no waiver, as there was no appearance until after judgment of confirmation, and upon appearance an unsuccessful application was made to set aside the judgment for such irregularity. This motion, in our opinion, should have been sustained, and the reference set aside.

The 8th section of said act provides that the same shall be liberally construed to promote the drainage and reclamation of wet or overflowed lands, and collections of assessments shall not be defeated by reason of any defect in the proceedings occurring prior to the judgment of the court confirming and establishing the assessments of benefits and injuries, but such judgment shall be conclusive that all prior proceedings were regular and according to law.

It is manifest that if this section is applicable to such proceedings as confer jurisdiction, and the judgment is conclusive that all such jurisdictional facts exist, the objection above indicated is cured by this section. The section can not, however, have this effect. This would, in effect, do away with notice. If the judgment is conclusive that all prior proceed-

ings were regular and according to law, it is conclusive that notice was given, whether any was in fact given or not. The Legislature possesses no power to deprive any person of such rights as are involved in this controversy, without notice. This was decided by this court in *Campbell* v. *Dwiggins, supra,* and *Tyler* v. *State, ex rel.,* 83 Ind. 563, and that which it can not do directly by statute, it can not do indirectly by providing that a judgment shall be conclusive evidence of such facts as must exist to confer jurisdiction. Besides, it has several times been decided that the Legislature can not declare what shall be conclusive evidence. *Wantlan* v. *White,* 19 Ind. 470 ; *McCready* v. *Sexton,* 29 Iowa, 352 ; *Cairo, etc., R. R. Co.* v. *Parks,* 32 Ark. 131 ; *Little Rock, etc., R. R. Co.* v. *Payne,* 33 Ark. 816 (34 Am. R. 55). See Blackwell Tax Titles, 100.

The judgment, therefore, can not conclude the appellants upon this question, and it is unnecessary to determine whether it is *prima facie* evidence of such fact, as the proof of notice is in the record, and in such case it is in no manner aided by any presumption. Freeman Judg., section 125, and authorities cited.

The appellants also insist that the act, by virtue of which these proceedings were had, is unconstitutional, for the following reasons, viz. :

1st. Because any issue of facts raised by a remonstrance for either the third, fourth, fifth, sixth or seventh causes must be tried by the court without a jury ;

2d. Because the 5th section authorizes the commissioner of drainage to distrain and sell personal property for the payment of any assessment of benefits precisely as a county treasurer is empowered to do ;

3d. Because the notice provided for is unreasonable and only colorable ; and,

4th. Because the act imposes upon the circuit court legislative and executive duties.

If the first and second objections made by the appellants

are well taken, it would not follow that the entire act is unconstitutional; at most, the provisions mentioned would be invalid. No jury was denied appellants, nor was any of their property distrained, and, hence, no question arises as to the validity of these particular provisions of the act, and, hence, we can not consider them.

The third objection is not supported by any authority, and we are of opinion that it is not well taken. Similar notices in many analogous proceedings have been prescribed, and such acts have not heretofore, for such reason, been deemed invalid. The notice required may not bring actual knowledge of the proceedings to those interested, but the act can not, for that reason, be deemed unconstitutional.

The fourth objection is based upon the assumption that all the duties imposed upon the commissioners of drainage are imposed upon the court, and that it discharges them by the aid of these commissioners, who are mere officers of the court. This assumption is not true in point of fact. The duties imposed upon the commissioners do not rest upon the court. The fact that they are appointed by the court, that they must report to the court, and are liable to be removed by the court, does not render them mere agents of the court, nor does it impose upon the court the duties to be discharged by them. The act is not, in our opinion, invalid for the reasons urged.

This disposes of all the questions involved, and as we are of opinion that the court erred in referring the matter to the commissioners of drainage without proof that notice had been given, as required by the statute, the judgment should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment should be reversed, at the appellees' costs, the reference set aside, and for further proceedings.