Filed May 14, 1884.

---

No. 11,375.

ALBERTSON *v.* THE STATE, EX REL. WELLS.

DRAINAGE.—*Circuit Court Act.—Complaint to Collect Assessment.—Petition, Notice, Kinship.—Presumption.*—In an action to collect ditch assessments under the circuit court act, the complaint need not allege that the petition for the ditch had been verified, nor that notice thereof had been given, nor that the commissioners of drainage were not of kin to the parties interested, the presumption being, in the absence of an allegation to the contrary, that in each of these particulars the statute was complied with.

SAME.—*Copy.*—Such complaint is based upon the assessments, and, therefore, need not set out a copy of the judgment approving the report of the ditch commissioners.

SAME —*Approval of Assessments.—Judgment.*—Such complaint sufficiently alleges that such assessments were approved by the court, when it alleges "that three days had elapsed since the filing of the report, and, no remonstrance being filed, the court approved said report and appointed the relator as ditch commissioner to construct" the ditch.

From the Hamilton Circuit Court.

*D. Moss, R. R. Stephenson* and *H. A. Lee*, for appellant.

*J. A. Roberts* and *T. E. Boyd*, for appellee.

FRANKLIN, C.—Appellee commenced this action to collect assessments.alleged to be due on the construction of a certain ditch. A demurrer was sustained to the answer, and judgment rendered for the plaintiff.

Appellant has assigned error upon the sustaining of the demurrer to the answer, and insists that it should have been sustained to the complaint.

Five reasons are urged against the sufficiency of the complaint: *First.* It does not show that the original petition was verified.

This is not an appeal from the proceedings to establish the ditch, nor from a direct attack to set aside said proceedings, but from a collateral proceeding to collect assessments based upon the original proceedings; which proceedings, if not shown to be void, are conclusive in this proceeding. The record not showing the contrary, the presumption is that the original petition was verified as required by the statute.

The second is that it does not show that the proper notice was given of the pendency in court of the original petition.

The averment in the complaint is, " that at the April term, 1882, of the court, James Orear presented his petition praying for the drainage of his lands described in said petition; that such proceedings were had at the said April term of court, that the matters in said petition were referred to the commissioners of drainage, and the cause was continued." In the circuit court, it being a court of general jurisdiction, all reasonable presumptions are in favor of the action of the court; and where the record does not show the contrary, nor what notice was given, it will be presumed that the proper notice was given, or the court would not have referred the matter to the drainage commissioners. *Horner* v. *Doe*, 1 Ind. 130. This is the well settled rule of law. See the cases of *Crane*

v. *Kimmer*, 77 Ind. 215, and *Cavanaugh* v. *Smith*, 84 Ind. 380, with the authorities therein cited. The case relied on by appellant, of *Scott* v. *Brackett*, 89 Ind. 413, is not in conflict with the foregoing. In that case, the original proceedings were directly attacked by petition and motion to set aside the judgment establishing the proposed ditch, asking to have it set aside for the reason that no sufficient notice of its pendency had been given, and the record showed the want of notice. The proceedings were held void on that account. In this case the complaint does not show any want of notice. Where the court has jurisdiction of the subject-matter, jurisdiction of the person will be presumed.

The third objection is that the complaint does not show that the commissioners of drainage were not of kin to any of the parties interested.

This objection, for the reasons heretofore stated, is insufficient.

The fourth is, that no copy of the judgment of approval of the report of commissioners is filed with the complaint. This action is based upon the assessments, and not upon the judgment of approval; therefore, in such a case, a copy of the judgment need not be filed with the complaint.

The cases of *Scott* v. *State, etc.*, 89 Ind. 368, and *Smith* v. *Clifford*, 83 Ind. 520, referred to by appellant, do not support his objection. In the latter case it was held that the action was upon the assessments, and that a copy of the assessments must be filed with the complaint. No such objection as that is made in this case. In the former case this question is not referred to. It has also been held by this court, that a judgment is not a " written instrument" within the meaning of the statute requiring a copy to be filed with the complaint. *Lytle* v. *Lytle*, 37 Ind. 281; *Mull* v. *McKnight*, 67 Ind. 525.

The fifth and last objection to the complaint is, that there is no sufficient averment that the court approved the assessment. The averment in the complaint is, " That three days had elapsed since the filing of said report by said commis-

sioners, and no remonstrance being filed to the same, the court approved said report, and ordered said ditch constructed, and appointed said relator as ditch commissioner to construct the same." We think the averment in relation to the judgment of approval is sufficient on demurrer. And the 4280th section, R. S. 1881, provides that " This act shall be liberally construed to promote the drainage and reclamation of wet or overflowed lands; and collections of assessments shall not be defeated by reason of any defect in the proceedings occurring prior to the judgment of the court confirming and establishing the assessment of benefits and injuries; but such judgment shall be conclusive that all prior proceedings were regular and according to law."

In accordance with the spirit of this statute, we think the complaint in this case is sufficient, and that there was no error in sustaining the demurrer to the answer.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

Filed May 14, 1884.