Filed Oct. 7, 1884.

---

No. 11,276.

YOUNG, TRUSTEE, *v.* WELLS, COMMISSIONER OF DRAINAGE.

DRAINAGE.—*Notice.*—*Jurisdiction.*—*Highways.*—In proceedings for drainage under R. S. 1881, sections 4273–4284, the fact that the circuit court referred the petition to the commissioners of drainage will, as against collateral attack by persons whose lands are mentioned in the petition, be conclusive that the proper notices were posted. *Aliter* as to those who have not been named, and whose lands have not been described in the petition, and as to assessments for benefits to highways when the petition did not mention such highways.

From the Hamilton Circuit Court.

*G. H. Gifford* and *R. B. Beauchamp,* for appellant.

*J. M. Fippen,* for appellee.

ZOLLARS, J.—In 1882 one Oliver Endicutt filed a petition in the Hamilton Circuit Court for the location and construction of a ditch, partly in Hamilton and partly in Tipton counties. Such proceedings were thereafter had upon the petition that the commissioners of drainage in Hamilton county made and filed their assessment of benefits, in which they assessed against Cicero township, in Tipton county, $350, on account of benefits to three designated highways in that

township. The assessment was approved by the court, the proposed ditch was established, and appellee, as one of the commissioners of drainage in Hamilton county, was directed to construct the ditch. He made out the proper notice, and had it and a copy of the assessment recorded in the recorder's office of Tipton county. To enjoin the collection of this assessment, appellant, as the trustee of the township, instituted this action.

A demurrer was sustained to the complaint. This ruling is assigned as error in this court. The proceedings were all had under sections 4273 to 4284, R. S. 1881, both inclusive. These must govern in the decision of the case, without reference to the amendments of 1883. If the assessment was otherwise valid, it was properly made against the township. Section 4281. It is conceded that this is a collateral attack upon the proceedings of the Hamilton Circuit Court, but it is contended that, as against the township, the proceedings are void for want of notice.

It is averred in the complaint, among other things, that before referring the matter to the commissioners of drainage, the court found that notices of the petitioner's intention to present the petition had been properly posted along the line of the ditch, and one at the door of the court-house in Hamilton county, and did not find that such notice had been posted at the door of the court-house in Tipton county.

This is a statement as to what the court found, but it is not a statement as to what the record of those proceedings shows. For aught that appears from this averment, the record may show that the court found that notices had been posted at the doors of the court-house in each of the counties, or it may be silent upon the subject. In either event, appellant could not be heard to contest the validity of the notice in this collateral assault upon the proceedings, by averring that it was not posted at the door of the court-house in Tipton county.

It is conceded that notice was given. Whether or not that notice was sufficient, by a proper posting, was a jurisdictional

question, to be decided by the court before referring the matter to the commissioners of drainage, or taking further action. Where a decision is made in such a case, it is conclusive as against a collateral attack. The fact that the court assumed to exercise jurisdiction, and referred the matter to the commissioners, is proof of record that it determined that the notices had been properly posted, as required by section 4275, R. S. 1881. It was not necessary that the record should show by a specific statement that the notice had been posted at the doors of the court-house in each county. Where a court of general jurisdiction exercises jurisdiction, it will be presumed that it rightfully does so, and the judgment will be invulnerable as against a collateral attack, unless the record affirmatively show that the judgment is void. *Smith* v. *Hess,.* 91 Ind. 424; *Houk* v. *Barthold,* 73 Ind. 21; *Iles* v. *Watson,* 76 Ind. 359; *Stoddard* v. *Johnson,* 75 Ind. 20; *Board, etc.,.* v. *Markle,* 46 Ind. 96. See, also, *Muncey* v. *Joest,* 74 Ind. 409 ;. *Hume* v. *Little Flat Rock Draining Ass'n,* 72 Ind. 499; *Mullikin* v. *City of Bloomington,* 72 Ind. 161; *Board, etc.,* v. *Hall,* 70 Ind. 469; *Ricketts* v. *Spraker,* 77 Ind. 371; *Miller* v. *Porter,* 71 Ind. 521.

So far, then, as concerns the posting of the notices, the record is conclusive against the appellant in this collateral assault upon it. It should be observed, too, that there is no averment in the complaint that a notice was not in fact posted at the court-house door in Tipton county.

There is, however, a more serious question. It is further averred in the complaint, that the notice and assessment, filed and recorded in the recorder's office in Tipton county, is the only notice or assessment that in any way mentions, describes,. or refers to the township, or to the highways, or either of them; that neither the petition by Endicutt, nor the notices,. nor affidavits made in proof of notice, nor any of the copies of the notices filed with the affidavits, nor the order of the court referring the matter to the commissioners of drainage, nor any of the records, entries, minutes, or orders made in the

cause by the court, contain any mention, or describe in any manner whatever, any of the highways, nor contain any mention or reference to the township of Cicero, nor in any manner show that any notice whatever was given to any one through whom the township might have notice that the highways would be, or were likely to be, in any way affected by the proposed ditch, and that neither the township nor any of its officers had any notice of the proceedings until the notice and assessment were recorded in Tipton county.

The petition, at least, is a part of the record of the proceedings, in the Hamilton Circuit Court. What is averred of it may properly be said to be averred of the record.

As shown by the record, then, there is no mention in it, either of the township, its officers or the highways, until the filing of the assessments. As to all parties named in the petition, it may be said that the assuming of jurisdiction, and referring the matter to the commissioners, was an implied finding and decision that the notice was not only properly posted, but was in all other respects sufficient, and that that decision can not be controverted by any of the parties so named, in a collateral attack. But this, we think, can not be said of parties who are not named in the petition, and whose land is not in any way described or referred to in the petition. The court can not well be presumed to have passed upon the sufficiency of notice to parties who do not appear to be parties to the proceedings. It is fundamental, that persons are not concluded by an adjudication to which they are in no way parties, and of which they have had no notice. Porter v. Stout, 73 Ind. 3; Campbell v. Dwiggins, 83 Ind. 473.

The authority to assess highways under this act is not very directly given. The first specific statement is in section 4281, R. S. 1881. Section 4274 required that the petitioner should give in his petition a description of the lands he believed would be affected, with the names of the owners, and state that the public health would be improved, or that one or more highways would be benefited by the proposed ditch.

Section 4275 required that the commissioners of drainage should make a personal inspection of *the lands described in the petition,* etc., and assess the benefits or injury to each separate tract of land to be affected, and to easements therein held by railways or *other corporations.* Section 4281 required that any benefits assessed to any highway should be assessed against the proper township, and be paid by the trustee, etc.

These sections taken together, we think, authorize the assessment of townships for benefits to highways. It will be noticed that the statute required that the lands to be affected should be described in the petition, with the names of the owners, and that in their inspection and assessments the commissioners were limited to the lands so described. The form prescribed provides for a like description to be given in the notice, with the names of the owners.

We need not now decide whether or not a notice might be sufficient which names the owner of land to be affected without giving a description of his land, or gives a description of the land to be affected without giving the name of the owner, but it seems very clear that there is no authority for notice to any one who is neither named in the petition, nor his land therein described. A party will not be concluded by an adjudication to which he has in no way been a party, although an unauthorized notice may have been served upon him. To hold the contrary would be to hold that the description of one tract of land in the petition, with the name of the owner, would authorize notice to, and assessments against, any number of others.

It seems clear, too, that under this statute the notice, to be binding upon a land-owner, must either contain his name or a description of his land, if not both. If it contains neither, how is he to know that benefits will be, or are likely to be, assessed against his land? Without his name or a description of his land, the notice conveys no warning to him that proceedings are about to be had in court which may affect his rights. A notice without these is no notice at all to him, and

an assessment upon such a notice is an assessment without notice, and hence void.

The action of the Legislature supports our construction of the statute.   At the session of 1883, section 3, act of 1881, section 4275, R. S. 1881, was amended. Acts 1883, p. 174.   In this amendment it is provided that when lands are named in the report of the commissioners of drainage as affected by the proposed ditch, which are not named in the petition, a time shall be fixed by the court for hearing the report, and the petitioner shall give notice to the owners of such lands.   Although the statute is somewhat indefinite upon the subject, we think that as there must be a description of the lands, or the names of the owners, if not both, in the petition and notice, so there must be in the petition and notice some kind of description or designation of the highways, for benefits to which assessments are to be made against the township, or a naming of the township, if not both, so that the officers and agents of the township may have notice, opportunity and time to defend the township against any contemplated or possible assessment.   The demurrer was an admission of the truth of the averments of the complaint, and thus an admission that the record of the proceedings in the Hamilton Circuit Court shows affirmatively, that the court did not have jurisdiction to order or confirm any assessment against Cicero township.   The assessment made is, therefore, void, and the demurrer to the complaint should have been overruled.

This conclusion is in harmony, and not in conflict, with the cases above cited.   The case of *Scott* v. *Brackett*, 89 Ind. 413, cited by appellant, is authority here for a strict construction of the statute, but it is not conclusive upon any question involved here, because this is a collateral, and that was treated as a direct attack upon the proceedings.

The judgment is reversed, with costs, with directions to the court below to overrule the demurrer to the complaint.

Filed Sept. 25, 1884.