Jackson v. The State, for Use of Dyar, Drainage Commissioner.

No. 11,787.

JACKSON v. THE STATE, FOR USE OF DYAR, DRAINAGE
COMMISSIONER.

DRAINAGE.—*Notice.*—*Collateral Attack.*—Where, in a drainage proceeding
under the act of April 8th, 1881, there has been a notice of the general
character required by the statute, yet defective, the order of the court
based on such notice is conclusive as against a collateral attack.

SAME.—*Pleading.*—*Jurisdiction.*—*Case Criticised.*—In a proceeding to enforce
a drainage assessment, it is not necessary to aver in the complaint that
the defendant or his grantor was a party to the original proceeding, as
by the assumption of jurisdiction in that proceeding and judgment by
the court there was an adjudication of all jurisdictional questions. *Shaw*
v. *State, etc.*, 97 Ind. 23, criticised.

From the Howard Circuit Court.

*J. W. Kern, J. W. Cooper, B. F. Harness, J. C. Blacklidge,
W. E. Blacklidge* and *B. C. H. Moon*, for appellant.

*M. Garrigus*, for appellee.

ELLIOTT, J.—The appellee's complaint seeks to enforce a
drainage assessment, levied under the act of April 8th, 1881.
The sufficiency of this complaint is challenged upon two
grounds: *First.* That there was not such notice as the stat-
ute requires, for the reason that there was but nineteen days
notice, instead of twenty as the statute requires. *Second.*
That it fails to show that the appellant, or his grantor, was a
party to the original proceedings.

Of these in their order: *First.* There was notice, and, al-
though defective, the order based upon it was not void. This
doctrine is affirmed in many cases. *Quarl* v. *Abbett*, 102
Ind. 233; *Brown* v. *Goble*, 97 Ind. 86, see auth. p. 89; *City
of Terre Haute* v. *Beach*, 96 Ind. 143; *McCormick* v. *Web-
ster*, 89 Ind. 105; *Million* v. *Board, etc.*, 89 Ind. 5, *vide* p.
12; *Oppenheim* v. *Pittsburgh, etc., R. W. Co.*, 85 Ind. 471;
*Stout* v. *Woods*, 79 Ind. 108; *McAlpine* v. *Sweetser*, 76 Ind.
78; *Hume* v. *Conduitt*, 76 Ind. 598; *Muncey* v. *Joest*, 74
Ind. 409.

The general rule is thus expressed in *Morrow* v. *Weed*, 4 Iowa, 77: "If there be a notice or publication, or whatever of this nature the law requires in reference to persons or other matters, its sufficiency can not be questioned collaterally." This doctrine was reaffirmed by the same court in *Bonsall* v. *Isett*, 14 Iowa, 309, and in *Ballinger* v. *Tarbell*, 16 Iowa, 491. The great current of authority runs in favor of this doctrine. *Hendrick* v. *Whittemore*, 105 Mass. 23; *Cook* v. *Darling*, 18 Pick. 393; *Finneran* v. *Leonard*, 7 Allen, 54; *Wright* v. *Marsh*, 2 Greene (Iowa), 94; *Paine* v. *Mooreland*, 15 Ohio, 435; *Borden* v. *State, etc.*, 6 Eng. (Ark.) 519; *Sheldon* v. *Wright*, 5 N. Y. 497; *Delaney* v. *Gault*, 30 Pa. St. 63; *Callen* v. *Ellison*, 13 Ohio St. 446; *People* v. *Hagar*, 52 Cal. 171.

It has long been the rule in this State, that where a court is required to determine whether facts essential to jurisdiction exist, a judgment that they do exist will be conclusive as against a collateral attack. *Evansville, etc., R. R. Co.* v. *The City of Evansville*, 15 Ind. 395. It was said in that case: "It is a well settled principle, that where the jurisdiction of an inferior court depends upon a fact which such court is required to ascertain and settle, by its decision, such decision is conclusive." The doctrine of that case has been repeatedly asserted, and we cite only a few of the many cases that have adopted and enforced it. *Forsythe* v. *Kreuter*, 100 Ind. 27; *Young* · v. *Wells*, 97 Ind. 410; *Smith* v. *Hess*, 91 Ind. 424; *Million* v. *Board, etc.*, 89 Ind. 5, and authorities cited p. 14; *City of Madison* v. *Smith*, 83 Ind. 502; *Marshall* v. *Gill*, 77 Ind. 402. This rule is well supported by the decisions of other courts. *Grignon's Lessee* v. *Astor*, 2 How. 319; *Riley* v. *Waugh*, 8 Cush. 220; *Cooper* v. *Sunderland*, 3 Clarke, (Iowa) 114; *Henderson* v. *Brown*, 1 Caines, 92; *Vail* v. *Owen*, 19 Barb. 22; *Youngman* v. *Elmira, etc., R. R. Co.*, 65 Pa. St. 278; *Sheldon* v. *Wright, supra*. These cases proceed on the theory that the court has authority to decide all questions, whether affecting the jurisdiction or other matters, and this is the only logical ground

upon which they can be maintained. If it be conceded that the court does not by its decision determine the sufficiency of a notice, then it must also be conceded that these cases are wrongly decided, and this would result in the overthrow of a long and unwavering line of decisions. Once it is granted that these decisions are sound, then the conclusion that the court may settle jurisdictional questions is inevitable. Of course, this rule can not apply where there is no jurisdiction of the subject-matter, or where there is no notice or summons, but it does apply in all cases where there is some notice, or some writ and service, although defective.

Appellant's counsel are unfortunate in the citation of *Taylor* v. *Conner*, 7 Ind. 115, for the statement of the judge, which seems to favor their position, was, as the opinion shows, repudiated by the court. Where the statute prescribes what the character of the notice shall be, then mere information conveyed to the defendant in a manner wholly unauthorized can not be deemed sufficient to confer jurisdiction. The notice must assume to be such as the law requires, but, in order to repel a collateral attack, it need not be a valid notice. *Morrow* v. *Weed*, 4 Iowa, 77. To hold otherwise would be to break down the distinction between direct and collateral attacks. All that *Vizzard* v. *Taylor*, 97 Ind. 90, can be regarded as deciding upon this question is, that there must be some notice, and that it is not sufficient that mere information is conveyed to the party in a manner wholly unauthorized by law. As shown in *Young* v. *Wells*, 97 Ind. 410, and in *Albertson* v. *State, ex rel.*, 95 Ind. 370, the case of *Scott* v. *Brackett*, 89 Ind. 413, was a direct attack by appeal, and that decision can not apply to a collateral attack.

In the case of *Albertson* v. *State, ex rel., supra*, the court quoted the provision of the statute that " collections of assessments shall not be defeated by reason of any defect in the proceedings occurring prior to the judgment of the court confirming and establishing the assessment of benefits and injuries; but such judgment shall be conclusive that all prior proceedings were

regular and according to law," and held that an action to collect the assessment could not be defeated upon the ground that the complaint does not aver that notice of the petition was given. The reason for this ruling is that the attack made upon the complaint is a collateral, and not a direct one. *Young* v. *Wells, supra,* affirms a like principle. These decisions do not, of course, affect defences arising subsequent to the judgment of the circuit court, for they can not be deemed adjudicated, but, by force of the statute, and under the general rules of law referred to, matters affecting the power of the court are adjudicated.

We come now to the second objection urged against the complaint, namely, that it does not aver that the appellant, or his grantor, was named in the petition filed in the original proceedings. We have no doubt that the petition must name the land-owners whose deeds are of record, and this we have often decided. *Troyer* v. *Dyar,* 102 Ind. 396; *Vizzard* v. *Taylor, supra; Wright* v. *Wilson,* 95 Ind. 408; *Young* v. *Wells, supra.*

The court can only have jurisdiction of persons who are made parties to the proceedings in the method prescribed by law, and it is upon this theory that these cases proceed. Judgments bind only such persons as are made parties, for the reason that it is only of parties that the court has jurisdiction. Where the law requires persons to be made parties by naming them in the petition, that method must be substantially pursued, although a mere error or irregularity would not make the judgment void. These cases do not, as counsel assume, proceed on the theory that a defective petition may be questioned collaterally, or that any defect or irregularity may be made available in a collateral attack to impeach the judgment, but they proceed on the theory that the complainant was not a party to the proceeding. We regard some notice as indispensable; so much so that it can not be dispensed with by the Legislature. *Campbell* v. *Dwiggins,* 83 Ind. 473; *Wishmier* v. *State, etc.,* 97 Ind. 160; *Neiman* v. *State, ex rel.,*

98 Ind. 58; *Strosser* v. *City of Ft. Wayne,* 100 Ind. 443, see p. 446; *Baltimore, etc., R. R. Co.* v. *North,* 103 Ind. 486; *Troyer* v. *Dyar, supra; Jackson* v. *State, etc.,* 103 Ind. 250; *Hobbs* v. *Board, etc.,* 103 Ind. 575. But where the court adjudges that notice has been given, this implies notice to all the proper parties until the contrary is shown, even in cases where the finding on jurisdictional questions may be collaterally attacked.

The assumption of jurisdiction and the entering of a decree or judgment is an adjudication upon the question of notice, without any formal or express declaration to that effect. *Carr* v. *State, etc.,* 103 Ind. 548; *Cauldwell* v. *Curry,* 93 Ind. 363; *Board, etc.,* v. *Hall,* 70 Ind. 469. In this case there was an assumption of jurisdiction and a judgment; hence there was an adjudication of jurisdictional questions.

Where a court of general jurisdiction assumes jurisdiction, the existence of all facts necessary to confer jurisdiction are presumed to exist. This was so decided in a case precisely like this, *Albertson* v. *State, ex rel., supra,* and that decision is supported by many cases. The rule upon this subject is thus stated in *Shumway* v. *Stillman,* 4 Cow. 194: "Every presumption is in favor of the jurisdiction of the court. The record is *prima facie* evidence of it; and will be held conclusive, until clearly and explicitly disproved." Substantially the same rule is declared in *Mills* v. *Martin,* 19 Johnson, 733, *Thomas* v. *Robinson,* 3 Wend. 267, *Peacock* v. *Bell,* 1 Saunders, 73, *Granger* v. *Clark,* 22 Me. 128, *Vandyke* v. *Bastedo,* 3 Green, 224, *Weed* v. *Morrow, supra,* and in the numerous cases cited in 1 Smith's Leading Cases (8th ed.) 1105. There are many cases in our reports affirming a like doctrine. *Horner* v. *Doe,* 1 Ind. 130; *Waltz* v. *Borroway,* 25 Ind. 380; *Dwiggins* v. *Cook,* 71 Ind. 579; *Davidson* v. *Koehler,* 76 Ind. 398, see authorities cited p. 421.

It is necessary that a petition should be filed invoking the jurisdiction of the court, but when this is done the presumption will be in favor of its jurisdiction, and it is not neces-

sary to aver facts showing jurisdiction. In so far as *Shaw* v. *State, etc.*, 97 Ind. 23, declares this doctrine it is authoritative, but there are some statements in the opinion not necessary to the decision of the questions before the court, which can not be deemed authority. All that was necessary to decide in that case, and all that was really decided, is, that there must be a petition calling into exercise the jurisdiction of the court.

Judgment affirmed.

Filed Dec. 15, 1885; petition for a rehearing overruled March 13, 1886.