Pickering v. The State, for Use of Dyar, Drainage Commissioner.

No. 11,627.

## PICKERING v. THE STATE, FOR USE OF DYAR, DRAINAGE COMMISSIONER.

DRAINAGE.—*Notice.*—*Judgment.*—*Collateral Attack.*—Where there is some notice, although defective, it will protect the judgment as against a collateral attack.

SAME.—*Complaint.*—*Exhibits.*—*Practice.*—Instruments filed with the complaint, which do not constitute the foundation of the action, can not be considered in determining the sufficiency of the complaint.

SAME.—*Action to Enforce Lien.*—*Copy of Assessment.* – In an action to enforce a drainage assessment, a copy of the assessment must be made part of the complaint.

SAME.—*Notice.*—It must appear, in some manner, either in the body of the complaint, or in the copy of the assessment filed as an exhibit, that there was some notice. *Albertson* v. *State, ex rel.*, 95 Ind. 370, limited.

SAME.—*Presumption of Jurisdiction.*—Every presumption is in favor of the jurisdiction of the circuit court; the record is *prima facie* evidence of it, and will be held conclusive until clearly disproved.

SAME.—*Sufficiency of Complaint.*—Where the complaint to collect a ditch assessment shows a petition, some notice, a judgment on the petition, and an assessment levied against the complaining property-owner, it is sufficient to require an answer.

From the Howard Circuit Court.

*J. C. Blacklidge, W. E. Blacklidge, B. C. H. Moon, J. W. Kern, J. W. Cooper* and *B. F. Harness,* for appellant.

*M. Garrigus,* for appellee.

ELLIOTT, J.—The commissioner of drainage, appointed by the Howard Circuit Court, brought this action to enforce an assessment for a drain levied by the judgment of that court.

It is contended by appellant's counsel that the complaint is bad because it shows that only nineteen days' notice of the filing of the petition was given, instead of twenty as the statute provides.

We have in our own reports very many cases deciding this point against the appellant. These cases decide that if there is some notice, although defective, it will protect the judgment as against a collateral attack. As shown in *Jackson* v.

*State, etc.*, 104 Ind. 516, this doctrine is well supported by authorities outside of our State, and our own cases from that of *Helphenstine* v. *Vincennes Nat'l Bank*, 65 Ind. 582 (32 Am. R. 86), to that of *McMullen* v. *State, ex rel.*, 105 Ind. 334, affirm, without contrariety of opinion, the doctrine stated by us. It must, therefore, be deemed the settled law of this State.

We agree with appellant's counsel that instruments annexed to the complaint, which are not copies of those constituting the foundation of the pleading, can not be considered in determining the sufficiency of the complaint. *Jackson* v. *State, etc.*, 103 Ind. 250. We have again and again censured this practice, and we repeat that it is one which no good pleader will adopt. In the case in hand, there is but one of the exhibits that properly forms part of the complaint, and that is the copy of the assessment. Our decisions have uniformly held that the assessment must be made part of that pleading. *State, ex rel.*, v. *Myers*, 100 Ind. 487, see p. 488; *Moss* v. *State, ex rel.*, 101 Ind. 321. We can, therefore, regard only the averments in the body of the complaint and the copy of the assessment in determining the sufficiency of the complaint. Confining our minds to these things, we find that the complaint, unlike that in *Jackson* v. *State, etc.*, 103 Ind. 250, does affirmatively show that there was some notice, although defective, so that this case is easily discriminated from that, and is readily placed within the principle declared in *Jackson* v. *State, etc.*, 104 Ind. 516, and *McMullen* v. *State, ex rel.*, *supra*.

We think our cases establish the rule that it must appear either in the body of the complaint, or in the exhibit properly part of that pleading, that there was some notice, and this is the general current of authority. It is, however, not necessary that it should be averred in direct terms that notice was given, but it is sufficient if this is necessarily involved in the averments made, or in the order of the court embodied in the assessment. This question was fully exam-

ined in *Jackson* v. *State, etc.*, 104 Ind. 516, where a great number of our own and other cases are collected. Some of the statements upon this general subject found in *Albertson* v. *State, ex rel.*, 95 Ind. 370, are too broad and must be limited. *McMullen* v. *State, ex rel., supra; Shaw* v. *State, etc.*, 97 Ind. 23; *Wishmier* v. *State, etc.*, 97 Ind. 160; *Vizzard* v. *Taylor*, 97 Ind. 90; *Young* v. *Wells*, 97 Ind. 410. In this instance the averments in the body of the complaint, and in the exhibit properly forming part of the pleading show, as we have said, that there was some notice.

It is further contended by the appellant that the complaint does not aver that he was a party to the proceedings in the circuit court. We think that the facts stated in the complaint are such as to require us to presume, in favor of the judgment of that court, that he was a party to the proceedings. To do otherwise would be to presume that the circuit court, a court of general jurisdiction, rendered a judgment declaring a lien upon the appellant's land without jurisdiction, and this would be to violate a well settled principle of law. The general principle to which we refer was thus stated in *Shumway* v. *Stillman*, 4 Cowen, 292: "Every presumption is in favor of the jurisdiction of the court. The record is *prima facie* evidence of it; and will be held conclusive, until clearly and explicitly disproved." This rule is approved in many cases; there is, indeed, no substantial diversity of opinion. *Mills* v. *Martin*, 19 Johns. 7; *Thomas* v. *Robinson*, 3 Wend. 267; *Peacock* v. *Bell*, 1 Saunders, 73; *Granger* v. *Clark*, 22 Me. 128; *Vandyke* v. *Bastedo*, 15 N. J. L. 224; *Morrow* v. *Weed*, 4 Iowa, 77; 1 Smith's Leading Cases (8th ed.), 1105; *Horner* v. *Doe*, 1 Ind. 130; *Waltz* v. *Borroway*, 25 Ind. 380; *Dwiggins* v. *Cook*, 71 Ind. 579; *Davidson* v. *Koehler*, 76 Ind. 398, see p. 421; *Baltimore, etc., R. R. Co.* v. *North*, 103 Ind. 486; *Jackson* v. *State, etc.*, 104 Ind. 516, *supra*, and cases cited; *McMullen* v. *State, ex rel., supra*.

In the case of *Baltimore, etc., R. R. Co.* v. *North, supra*, it was held that an averment that the property-owner never had

any notice of the proceedings to establish a ditch was not sufficient, the court saying of that averment that it "was not sufficient to overcome the presumption that the statutory notice had been properly given." This ruling is in harmony with our decisions. *Exchange Bank* v. *Ault*, 102 Ind. 322; *Reid* v. *Mitchell*, 93 Ind. 469; *Rogers* v. *Beauchamp*, 102 Ind. 33; *Reed* v. *Whitton*, 78 Ind. 579; *Young* v. *Wells*, 97 Ind. 410; *Earle* v. *Earle*, 91 Ind. 27.

In the case of *Exchange Bank* v. *Ault*, *supra*, it was said, of questions such as that here presented: "In considering such questions, every presumption is indulged in favor of the validity of the judgment or decree sought to be impeached; and where its validity is called in question in or by any pleading, the facts stated therein must be such as will overcome or exclude all reasonable presumptions in its favor." This doctrine is in strict harmony with that declared in many cases closely analogous to this—the levy of tax assessments to aid in the construction of railroads or gravel roads, the opening of highways, and like cases—for it has been uniformly held in such cases that where the court has assumed jurisdiction, and thus decided jurisdictional questions, its judgment can not be collaterally impeached. *Jackson* v. *State, etc.*, 104 Ind. 516, and cases cited; *Washington Ice Co.* v. *Lay*, 103 Ind. 48; *Lantz* v. *Maffett*, 102 Ind. 23; *Quarl* v. *Abbett*, 102 Ind. 233 (52 Am. R. 662); *Brown* v. *Brown*, 101 Ind. 340; *Forsythe* v. *Kreuter*, 100 Ind. 27; *Anderson* v. *Wilson*, 100 Ind. 402; *McIntyre* v. *Marine*, 93 Ind. 193; *Hilton* v. *Mason*, 92 Ind. 157; *Town of Cicero* v. *Williamson*, 91 Ind. 541, and cases cited; *Evansville, etc., R. R. Co.* v. *City of Evansville*, 15 Ind. 395.

The rule declared in the cases cited has often been applied to cases arising under the drainage laws. *Corey* v. *Swagger*, 74 Ind. 211; *Marshall* v. *Gill*, 77 Ind. 402; *Argo* v. *Barthand*, 80 Ind. 63; *Cauldwell* v. *Curry*, 93 Ind. 363; *Smith* v. *Clifford*, 99 Ind. 113, and cases cited; *Jackson* v. *State, etc.*, 104 Ind. 516, *supra*.

The principle established by these cases, to which many more might be added, carries us to the conclusion that where the complaint to collect a ditch assessment shows a petition, some notice, a judgment on the petition, and an assessment levied against the complaining property-owner, it is sufficient to drive him to answer. Such a case is not at all like that of *Troyer* v. *Dyar*, 102 Ind. 396, where it was averred that the complainant was not named in the petition, that he was not a party to the proceeding, and that there was no notice.

It is to be remembered that the plaintiff in such an action as the present grounds his right of recovery upon a statute, and he assumes the affirmative of the issue, which he tenders by his complaint. In order to bring his case within the statute, he must show that a petition was filed and some notice given, as these things are necessary to invoke the jurisdiction of the court, and set the legal machinery in motion. It is enough, however, if he shows some petition and some notice, for, even though these may be defective, there is enough to call into exercise the jurisdiction of the court, and they supply some foundation for a decision upon jurisdictional questions. It is sufficient if there is some foundation for such a decision, but there must be something on which to found a judgment in cases such as this, which are not like ordinary civil actions, but are actions founded on a statute. Such actions depend on the statute, and there must be enough shown at least to call into exercise a jurisdiction under the statute, and the essential requisites are a petition and notice, but these, though defective, will supply grounds on which to found a decision that will repel a collateral attack.

The case of a party who sues to enforce an assessment is different from that of a party who seeks to enjoin its collection, for, in the first case, the burden is on the plaintiff to show grounds for a decision of jurisdictional questions, as he assumes the affirmative; while, in the second case, the plaintiff assumes the affirmative, and the burden is on him to show

that there were no grounds on which a decision of jurisdictional questions could be made.

Judgment affirmed.

Filed April 21, 1886.