## PATTERSON ET AL. v. BAUMER.

| | |
|---|---|
| 43 | 477 |
| 78 | 241 |
| 40 | 477 |
| 106 | 470 |
| 43 | 477 |
| e117 | 52 |
| 117 | 56 |
| 43 | 477 |
| 118 | 34 |
| 43 | 477 |
| 128 | 455 |
| 43 | 477 |
| e133 | 530 |
| 43 | 477 |
| 138 | 320 |
| 43 | 477 |
| 144 | 629 |

1. **Drainage:** BOARD OF SUPERVISORS MAY ORDER: PUBLIC GOOD. The statute authorizing the construction of ditches is based upon considerations of public good and not of private advantage, and the supervisors can order the work only after a petition is presented, signed by a majority of persons residing in the county and owning land adjacent to the proposed improvement.

2. ———: CONTRACT: TAX. That the bid for a single section of the work was less than the sum at which the whole contract was let, does not constitute an irregularity vitiating the proceedings under which the tax was levied.

3. ———: BOARD OF SUPERVISORS: APPROVAL OF WORK. The decision of the board of supervisors that the ditch was of the required depth and width cannot be reviewed in another proceeding, unless their action is shown to have been fraudulent.

4. ———: PAYMENT FROM WRONG FUND: TAXATION. The payment for the ditching in the first instance out of the general fund is not such a violation of law as will enable persons taxed therefor to evade the payment of the tax.

5. ———: TAXATION: ASSESSMENT. Equity will not interfere to enjoin the collection of taxes for any mere irregularity in the assessment.

6. ———: ———: ESTOPPEL. The land owners, having stood silently by and permitted the expenditure of money without objection, cannot afterwards be heard to complain of irregularities defeating the collection of the tax.

*Appeal from Iowa District Court.*

TUESDAY, JUNE 13.

THIS is an action in chancery to restrain the collection of taxes levied upon the lands of plaintiffs, to pay for the construction of a ditch intended to drain certain ponds and wet land. The work was authorized and performed, and the taxes levied, by virtue of proceedings had before the supervisors of the proper county, pursuant to Chap. 120, Acts Fourteenth Gen. Ass. Code, §§ 1207–1216. A demurrer to the petition was sustained, and the relief therein prayed for was refused. Plaintiffs appeal. The further facts of the case, so far as they are necessary to an understanding of the points ruled by this court, are found in the opinion.

*C. Hedges*, for appellants.

Equity has jurisdiction, and will afford relief in cases of illegal taxation by enjoining the collection of the taxes. (*Zorger v. Tp. of Rapids*, 36 Iowa, 180.) The same principle obtains in cases of illegal assessment. The illegality may consist of the exercise of powers held under circumstances other and different from those contemplated or enjoined by the law. (*Williams et al. v. Peinny et al.*, 25 Iowa, 436; *Spencer v. Wharton*, 14 Id., 38.) Where part of the tax is illegal and the remainder legal, although all is for the same purpose, equity will enjoin the collection of that which is illegal. (*Williams v. Peinny, supra.*) If taxation is illegal, mere submission on the part of the citizen should not, except in extreme cases, be construed into a recognition of the right, to the extent of estopping him from subsequently denying it. (*Langworthy v. Dubuque*, 13 Iowa, 88.)

*Rumple, Lake & Sheldon*, for appellee.

Even if the assessment as to a part of the tax were illegal, a court of equity will not restrain its collection until the party shall have paid or tendered the amount legally due. (*Morrison v. Hershire*, 32 Iowa, 278.) The plaintiffs have no common pecuniary interest, and cannot therefore maintain the action. (*Barnes v. Beloit*, 19 Wis., 93.) It is too late for them to seek this remedy. (*Evansville v. Pfisterer*, 34 Ind., 36; *Lafayette v. Fowler*, Id., 140; *Weber v. San Francisco*, 1 Cal., 455; *Motz v. Detroit*, 18 Mich., 495; *Merrill v. Humphrey*, 24 Mich., 170; *Sleeper v. Bullen*, 6 Kan., 300; *Gulf R. R. Co. v. Morris*, 7 Id., 210; *Aurine v. K. P. R. R. Co.*, Id., 178.)

BECK, J.—The questions arising in this case may be more conveniently and briefly disposed of by considering the objections urged by plaintiffs' counsel to the taxes and proceedings under which they were levied. It is insisted that these objections are made to appear in plaintiffs' petition and are based upon alleged illegal acts of the county authorities,

which render the taxes illegal and void. In pursuing this course we will find it necessary to refer to the allegations of the petition charging want of compliance with the law, which defeats the taxes sought to be enjoined, in connection with the several points of the case as they arise in our discussion.

I. It is proper, in the first place, to state some general provisions of the statute under which the ditch in question was constructed. It provides that "The board of supervisors of any county having a population of ten thousand inhabitants, as shown by the last preceding census, may locate and cause to be constructed ditches or drains, or change the direction of any water-course, in such county, whenever the same will be conducive to the public health, convenience or welfare." Code, § 1207. It will be here noted that the work is not to be undertaken for the private advantage of land-holders or residents of the neighborhood, but for the public good. The work is to be ordered upon "a petition signed by a majority of persons resident in the county, owning lands adjacent to such improvement," § 1208. The proceedings to be had authorizing the supervisors to direct the work to be undertaken, and subsequent acts to be done by them and other officers of the county, will not be here noticed. The bill in this case shows that the petition required by the statute was presented to the board of supervisors, asking that the work be ordered; the plaintiff first named in this action was one of the petitioners to the supervisors. These facts and the provisions of the law will be kept in mind.

*1.—DRAINAGE: board of supervisors: public good.*

II. The statute provides that the "supervisors, whenever they shall have established any such ditch, drain or water-course, shall divide the same into suitable sections, not less in number than the number of owners of land through which the same may be located." * . * * * * * Code, § 1211. The next section provides that the work shall be let "upon the sections respectively to the lowest bidder therefor." The whole work, as the petition shows, was let to one contractor, at twenty-five cents per cubic yard of excavation. It is further alleged that one

*2.——: contract: tax.*

responsible person made a bid for one section at eighteen cents per cubic yard. It is claimed that these allegations of the petition show a violation of the foregoing provisions of the law.

We will not undertake to determine that a violation of the law alleged would defeat the collection of the taxes, but will answer this position of the plaintiffs by remarking that the allegations of the petition do not show, as is claimed, a disregard to these provisions. As to all the sections except one it is not shown that there were other bidders ·than the one to whom the contract was awarded. In the absence of other bids by sections, the whole work could be let by one contract. We can presume nothing to support the petition, but must rather presume the law was followed, in the absence of affirmative allegations to the contrary. We cannot, therefore, regard the petition as alleging irregularity in letting the work as to these sections, and nothing further need be said of the contract covering that part of the work.

If the contractor's bid for the whole at twenty-four cents per cubic yard, considering the character of the earth to be excavated throughout the whole line, was lower than the bid of eighteen cents for the particular section, then was the contract awarded to the lowest bidder. That is, the contractor's bid, in consideration of getting the whole work, may have been lower relatively than the one refused. But, if we are mistaken in this view, we certainly could not be expected to hold the whole tax void because of non-compliance with the law in letting one section of the work. If all the sections were let in compliance with the directions of the statute except one, the acts of the county officers, so far as they are regular, ought to be sustained. The irregularity as to one contract ought not to invalidate all the proceedings.

III. It is alleged that the ditch was not excavated to the required depth and width. The contractor was paid by the 3. ——: board county. Plaintiffs now insist that they are reof supervisors: approval of work. quired to pay the taxes assessed before the work is completed. But the supervisors in ordering payment determined that the work had been completed.

This was a matter, peculiarly within their authority. Their decision thereon, in the absence of fraud or improper practices, cannot be reviewed in a proceeding of this character.

. IV. The petition shows that the amount paid the contractor exceeded by about $126 the estimated cost of the work as fixed by the engineers. But if such a trifling difference between the estimated and actual cost would be an objection, under any circumstances, to the validity of the taxes, it is sufficiently answered by the fact that the work done did not precisely correspond with the basis of the engineer's estimate. The change, it will be presumed, required additional expense.

V. It is further shown that the contractor was paid out of the general fund of the county, and not from a fund created by the collection of the taxes levied to pay for the work, as required by Code, § 1213. This cannot invalidate the taxes. The violation of law by the county authorities, in this matter, does not discharge the obligation of plaintiffs to pay the taxes duly levied. When collected they are paid into the county treasury, and doubtless will take the place of the money paid out of the general fund. On the ground that the county unlawfully undertook to advance the money to the contractor, neither law nor equity will regard the taxes as paid, and nothing short of payment will discharge them if they were lawfully levied. The act of the county complained of in no manner injured the plaintiffs; they are, therefore, entitled to no relief on account of that act.

VI. The manner of the assessment and levy of taxes for the work is provided for in Code, § 1214, in the following language: "The supervisors shall make an equitable apportionment of the costs, expenses, costs of construction, fees and compensation for property appropriated, which shall accrue and be assessed, among the owners of the land benefited by the location of such ditch, drain or water-course, in proportion to the benefit to each of them through, along the line, or in the vicinity of whose lands the same may be located and constructed respectively. And the same may be levied upon the lands of the owners so benefited

in said proportions, and collected in the same manner that other taxes are levied and collected for county purposes."

The plaintiffs allege that this provision was violated in two things, viz:

1. The assessment, it is claimed, was made upon the lands and not upon the owners. But the assessment provided for in the statute is the act of determining the amount to be paid by the owner of each tract of land; it is the apportionment of the total cost of this work, so that each tract of land will be charged with its due proportion. This could only be done by a list, or an assessment roll, describing the lands and stating the amount to be charged to each tract. And the petition shows that this was done by the supervisors.

2. The petition alleges that "the assessment was made upon lands in pieces or parcels, many of which severally comprise and contain lands owned by various and different individuals or persons in severalty." The assessment of the lands in this manner was certainly irregular and contrary to the directions of the statute. But this irregularity could have been corrected upon the parties affected thereby making proper application to the supervisors. It was their duty to have done so. They cannot defeat the collection of all the taxes for errors in the assessment of some of the lands, which would have been corrected had complaint been made to the proper officers.

The same statutes affecting the validity of taxes levied for county and State purposes apply to the case before us. Code, § 852, provides that " no irregularity, error or omission " in the assessment of property, " shall affect in any manner the legality of the taxes levied thereon." Under this statute the taxes in question are not invalid. Equity will not enjoin their collection. *The C. R. & M. R. R. Co. and The I. R. & L. Co. v. Carroll County*, 41 Iowa, 153.

VII. While the work of constructing the ditch was undertaken because demanded by the public interests, yet the petitioners, being land-owners in the vicinity of the improvement, were interested therein. They must all be presumed to have had notice of the action of the county

6. ——: ——: estoppel.

in ordering the work and in causing it to be prosecuted. Some of them signed the petition to the supervisors asking that the work be done. They cannot be presumed to have been ignorant of any irregularities up to and including the letting of the contract. They should have objected thereto before the expenditure of money and labor by the county and contractor. The law will not permit them to remain silent until after the work is done and then raise such objections to defeat the collection of taxes. *Kellogg v. Ely*, 15 Ohio St., 64; *Webber v. San Francisco*, 1 Cal., 455; *Motz v. Detroit*, 18 Mich., 495; *Evansville v. Pfesterer*, 34 Ind., 36; *La Fayette v. Fowler*, Id., 140; *Sleeper v. Bullen et al*, 6 Kan., 300.

The irregularities after the work was ordered and the contract let, which pertain to the manner of constructing the ditch, the assessment of the taxes and the like, we have attempted to show, are no grounds upon which plaintiffs can claim the relief prayed for in the petition. The demurrer thereto was correctly sustained.

AFFIRMED.