NOYES ET AL. V. HARRISON COUNTY ET AL.

1. **Board of Supervisors:** CONSTRUCTION OF DITCH: INJUNCTION. Where the petitioners for the construction of a ditch, join in an action to restrain the collection of the tax levied upon their property to reimburse the county therefor, the action of the board of supervisors in paying more for such construction than the original estimates and specifications called for, in the absence of fraud, will not be reviewed; and after the county has paid for the ditch, so constructed, the objection that the work was not done in accordance with the specifications, comes too late.

*Appeal from Harrison District Court.*

MONDAY, DECEMBER 12.

THE plaintiffs presented a petition to the board of supervisors asking the location and construction of a ditch. The county surveyor was appointed to make the necessary survey, plans and specifications, and after due notice the ditch was or-

dered constructed and a contract was let therefor in accordance with the plans and specifications. The contractor was paid the contract price by the county, a tax levied upon the property of the plaintiffs to reimburse the county, and this action brought to restrain the collection of the tax. A decree was entered dismissing the petition, and the plaintiffs appeal.

*S. H. Cochran,* for appellants.

*S. J. King,* for appellees.

SEEVERS, J.—The grounds upon which relief is asked, in substance are, that the ditch was not constructed in accord-
1. BOARD of supervisors: ditch: injunction. ance with the plans and specifications, and that the board of supervisors fraudulently and negligently paid for more work than was actually done or was required to be done according to the specifications. The claim being the amount of excavation according to the specifications was only about two thousand cubic yards, while the board paid for upwards of five thousand yards.

The county surveyor made a report to the board of the number of cubic yards excavated, and the board after examining the ditch, determined it had been completed in accordance with the contract, and paid the contractor for the amount of earth excavated as shown by the report of the surveyor. Under such circumstances in the absence of fraud the action of the board cannot be reviewed in this proceeding. *Patterson v. Baumer,* 43 Iowa, 477.

There is not a particle of evidence tending to show fraud or collusion on the part of the board, unless the fact that the amount of excavation paid for exceeded that called for by the specifications is sufficient to establish such proposition. We do not think it is. It must be remembered the county surveyor reported the amount of excavation actually done, and there is no evidence showing he thereby perpretrated a fraud. It is not to be presumed the board had the requisite knowledge to

enable them to determine the amount of excavation. They were not even guilty of negligence in relying on the report of the county surveyor, much less of fraud.

This ditch was constructed at the instance of the plaintiffs, and they knew they were bound to pay therefor, and yet they took no steps to inform themselves as to whether it had been properly constructed in accordance with the specifications until it was paid for by the county. The result of their present action if successful. would be to shift the burden from themselves upon all the tax payers of the county. We think the objection now made in the absence of fraud comes too late.

AFFIRMED.