Filed Jan. 9, 1886.

———————◆———————

No. 12,146.

THE INDIANAPOLIS AND CUMBERLAND GRAVEL ROAD CO. *v.*
THE STATE, EX REL. FLACK, COMMISSIONER, ETC.

DRAINAGE.—*Act of April 8th, 1881.*—*Construction of.*—*Notice.*—*Easement.*—
The provision of the drainage act of April 8th, 1881, which requires notice of the petition to be posted in three public places, etc., provides a means of giving notice to all persons or corporations owning lands described in the petition, and such notice applies as well to those who own easements in land as to those who own any other interest or estate therein.

SAME.—*Notice.*—*Collateral Attack.*—In an action to foreclose a lien on the defendant's right of way for an assessment of benefits growing out of the establishment of a ditch, it will be presumed, as against a collateral attack, that the defendant's interest in such right of way was properly described in the petition, and that proper notice was given.

SAME.—*Pleading.*—*Defence to Action to Foreclose Lien.*—In an action to foreclose such lien, an answer that the ditch, as it is being constructed, does not conform to the plans and specifications filed, or to the ditch as described in the report of the commissioners or order of the court; that the commissioner does not intend to build such a ditch as that described and ordered, and that he has departed widely from the specifications in various particulars; that he can not and does not intend to finish the ditch; that he has abandoned the construction of about five hundred feet of the work at one end of the ditch as proposed and laid out, and that by reason thereof the water will be poured into another ditch of

inadequate capacity, and will be backed on and over the defendant's road, to its damage in a much larger sum than the amount of its assessment, is bad on demurrer.

SAME.—*Turnpike Company.*—*Sale of Property.*—Where a specific statutory lien is acquired upon the whole, or any part of the easement of a turnpike company in its roadway, such lien may be enforced by a decree of foreclosure and sale.

CORPORATION.—*Sale of Property on Judicial Process.*—As a general proposition, it is true that the property of a public corporation, essential to its corporate existence and the execution of its corporate duty, can not be sold on execution or otherwise except as provided by statute, but as respects gravel road companies, statutory authority to that end is conferred.

From the Marion Circuit Court.

*W. F. Elliott,* for appellant.

*A. B. Cole,* for appellee.

MITCHELL, J.—This is an appeal from a judgment and decree of the Marion Circuit Court. The judgment was for the amount of an assessment of benefits, growing out of the establishment of a ditch. The decree foreclosed a lien on the appellant's right of way and ordered the sale of a specified portion thereof to satisfy the judgment.

The first error assigned brings in question the ruling of the court in overruling the appellant's demurrer to the complaint.

It is argued that the act concerning the drainage of lands makes no provision for giving notice of the petition and proceedings to the owners of easements in lands, and that as the appellant's right of way against which the benefits were assessed was nothing but an easement, the assessment upon which the suit was predicated was unauthorized.

The statute under which the assessment in question was made, provides how lands affected shall be described in the petition. It also provides for the assessment of benefits and injuries to easements held in lands by railway or other corporations. It also provides the manner of giving notice to persons interested, by prescribing that notices shall be posted

NOVEMBER TERM, 1885. 39

The Indianapolis, etc., G. R. Co. *v.* The State, *ex rel.* Flack, Comm'r, etc.

in the several townships in which the lands described in the petition are situate.

We think the provision which requires notice of the petition to be posted in three public places in each township in which the lands described in the petition are situate, provides a means of giving notice to all persons or corporations owning lands thus described, and that such notice applies as well to those who own easements in land as to those who own any other interest or estate therein.

The statute provides a means of giving notice of the proceedings to all whose lands or easements, or other interest in lands, which are subject to assessment, and which are sufficiently described in the petition for the establishment of the ditch. As the appellant's easement or right of way was subject to assessment, we must presume, as against a collateral attack, that its interest in its right of way was properly described in the petition, and as the law provides for notice to all whose lands or interest therein are thus described, we must further presume that proper notice was given. *Young* v. *Wells*, 97 Ind. 410; *Jones* v. *Cardwell*, 98 Ind. 331; *Baltimore, etc., R. R. Co.* v. *North*, 103 Ind. 486.

An answer filed by the appellant presents, as a defence to the collection of the assessments sued for, that the ditch, as the same is being constructed by the commissioner who has the work in charge, does not conform to the plans and specifications filed, or to the ditch as described in the report of the commissioners, or the order of the court. It is averred, moreover, that the commissioner does not intend to build such a ditch as that described and ordered, and that he has departed widely from the specifications in various particulars; that the commissioner can not and does not intend to finish the ditch; that he has abandoned the construction of about five hundred feet of the work at one end of the ditch as proposed and laid out, and that by reason thereof the water will be poured into another ditch of inadequate capacity, and will

be backed on and over the defendant's road, to its damage in a much larger sum than the amount of its assessment.

The court sustained a demurrer to this answer, and this ruling is assigned as error.

It is true, as counsel for appellant forcibly contends, that, in a statutory proceeding affecting the property of the citizen, the statute must be substantially pursued, and that any material variance from the course of procedure therein prescribed vitiates the proceedings when properly brought in question. *Merritt* v. *Village of Portchester*, 71 N. Y. 309 (27 Am. R. 47); *Combs* v. *Etter*, 49 Ind. 535.

This doctrine is peculiarly applicable to the proceedings prescribed in the location and establishment of the ditch in the first instance.

The irregularities and departures set up in the answer do not pertain to the proceedings. They are not challenged. The omissions and departures, which are relied on as a defence, relate to the conduct and purposes of the commissioner who has the construction of the ditch in charge. As it seems to us the rule stated has no application to the facts relied on as a defence. The drainage commissioner, while he is constructing the work, is under the control and direction of the court, and it is provided in the statute that he must obey such directions, subject to the penalty of being dealt with as for a contempt, or of being removed by the court and subjected to damages on his bond. The remedy, therefore, is to apply to the court, and through its order and intervention secure the due execution of the work. The proceeding establishing the ditch and assessing benefits having been regularly taken, payment of assessments may be enforced, and it will be no answer in such a case to assail either the practicability of accomplishing the work so ordered or the conduct of the commissioner who has its execution in charge. That it was practical must be deemed to have been determined in the proceeding for the establishment of the ditch, and can not be again inquired into. If the commissioner is proceed-

ing contrary to the method prescribed, or in any other manner neglecting his duty, a direct application to the court will secure the performance of its order. *Anderson* v. *Baker*, 98 Ind. 587; *Patterson* v. *Baume*, 43 Iowa, 477. We think the demurrer to the answer was properly sustained.

The next objection urged against the rulings of the court relates to the form of the decree.

The court rendered judgment against the appellant for the amount of the assessments, and gave a decree foreclosing the lien on its right of way. It also ordered the sale of a specified portion of the right of way to satisfy the judgment. The sale was ordered without relief from valuation or appraisement laws. The defendant objected and excepted to the decree and order of sale.

The point made in respect to the decree and order is, that it was not competent for the court to enforce a lien for the assessment, and order a sale of part of appellant's right of way. It is said that the appellant's interest in its right of way is a mere easement, and was not subject to the enforcement of a lien, or to be sold in the manner ordered by the court.

As we have already seen, the statute regulating the subject of draining provides that benefits and injury to easements in lands held by corporations, which are affected by the construction of a ditch, shall be estimated. It also provides that the commissioners shall embrace a description of all lands against which assessments are made in their report, and that the amounts shall become a lien on the lands against which they are assessed.

We think from the whole scope of the act, it was the purpose of the Legislature to provide that all interests in land— no matter to whom it belonged—which might receive benefits from drainage, were subject to assessment for such benefits, and that the benefits so assessed should become a lien on the land or interest against which it was assessed. If in any case the right or interest of any person or corporation in any

land which is described in the petition is such that it is not subject to assessment of benefits, and consequently not subject to a lien for benefits assessed, this should be made to appear during the progress of the proceeding.   If the proceeding is allowed to go to the extent of fixing an assessment on a specified interest or easement in land which is subject to assessment whether the interest or easement so assessed is owned by a natural or artificial person, the lien which follows such assessment can not be defeated by a collateral attack on the proceeding which imposed it.

We have, therefore, this proposition : The statute authorizes assessments of benefits to be made against easements held by corporations in lands, which are properly described in the petition for the establishment of the drain, and in the report of the commissioners to whom the petition is referred. It also provides that such assessments shall constitute a lien on the land against which it is assessed.

An assessment having been made and confirmed against an easement or right of way of a corporation, we must conclude that the easement, against which the assessment was made, was one against which an assessment could properly be made and one upon which a lien attached, as the statute provides it shall, and that all such other steps may be taken as are provided for making the lien effectual.

The assessment sued for was, therefore, to be treated as constituting a lien on the appellant's easement in the land over which it had a right of way, as the same was described in the proceeding establishing the ditch.   This lien the statute by its terms authorized the commissioners of drainage to enforce.

This court held in *Baltimore, etc., R. R. Co.* v. *North, supra,* that lands devoted to a public use by a corporation, under the power of eminent domain, could not be taken for another use without special authority to that end.   Accordingly, it was ruled in that case that courts had no jurisdiction to order the location of a ditch longitudinally along the right

of way of a railroad. That question is, however, not involved here. We assent also to the general proposition, that the right of way of a railroad or turnpike company is not subject to sale on judicial process unless made so by statute. As respects gravel road companies, we think statutory authority to that end is conferred.

Section 3646, R. S. 1881, concerning gravel road companies, provides that, upon execution issued upon any judgment or decree rendered in favor of any person or persons against a gravel road company, the property shall be sold without any valuation or appraisement.

Whatever might be said concerning the right to sell the easement in part or the whole roadway of a turnpike company to satisfy an execution, we have no doubt that where a specific statutory lien is acquired upon the whole or any part of such easement, such lien may be enforced by a decree of foreclosure and sale. Where the statute fastens a specific lien on property, and authorizes the enforcement of such lien, a court must have the power to render a decree which will be effectual for its enforcement. The general proposition is true, and well supported, that the property of a public corporation, essential to its corporate existence and the execution of its corporate duty, can not be sold on execution or otherwise except as provided by statute; but the scope and meaning of the act under which gravel road companies are organized plainly indicates that its property in its road-bed is, to say the least, subject to sale in pursuance of a decree enforcing a statutory lien against it. Sections 3654, 3658, 3665, R. S. 1881.

These sections provide that upon a sale of a gravel road upon any judgment rendered against it, the directors or other officers shall have the right to become purchasers the same as other persons, and that an organization may be formed for the purpose of purchasing and using a part or section of a road already built. *Rowe* v. *Major*, 92 Ind. 206.

It thus results that the decree enforcing the lien and order-

ing the sale in the manner prescribed in the decree was not erroneous.

Judgment affirmed, with costs.

ELLIOTT, J., did not participate in the decision of this case.

Filed Jan. 21, 1886.