Hackett v. The State, for Use of Martindale, Drainage Commissioner.

Filed March 3, 1888.

No. 13,083.

HACKETT v. THE STATE, FOR USE OF MARTINDALE, DRAINAGE COMMISSIONER.

DRAINAGE.—*Notice.*—*Collateral Attack.* — Where some notice of the presentation of a petition for a drain has been given, and adjudged sufficient by the court in taking action on the petition, such notice will be held sufficient when the proceedings are collaterally attacked.

SAME.—*Estoppel.*—One who joins with others in petitioning for the construction of a drain, is estopped from claiming that he did not have proper notice of the presentation of the petition.

SAME.—*Assessments.*—*Instalments.*—*Times of Payment.*—*Statute Construed.*— The provision in section 4277, R. S. 1881, that assessments may be required to be paid in instalments, not exceeding twenty per cent. per month, at such times as the commissioner may fix, after thirty days' notice, means calendar month, and the times fixed for payment of such instalments need not necessarily be exactly one month apart; but, even if the commissioner should exceed his authority in that respect, it would not invalidate the assessment as originally made.

SAME.— *Misconduct of Commissioner and Contractor.*—For allegations of misconduct on the part of the commissioner charged with the construction of a drain and of the contractor, which are held insufficient to defeat the collection of assessments, see opinion.

From the Fulton Circuit Court.

*J. S. Slick, G. W. Holman* and *F. H. Terry,* for appellant.
*J. Rowley* and *M. A. Baker,* for appellee.

NIBLACK, J.—The proceeding appealed from in this case was an action in the name of the State, on the relation of Jesse L. Martindale, a commissioner of drainage of Fulton county, against Thomas P. Hackett, the appellant, to enforce alleged liens resulting from assessments for the construction of a ditch upon three forty-acre tracts of land belonging to the latter.

The complaint averred that the appellant and one Isaac H. Kersey, on the 12th day of August, 1882, filed their petition in the office of the clerk of the Fulton Circuit Court, praying for the drainage of certain lands therein described, including the tracts of land in controversy in this cause, and setting forth all the facts necessary to constitute a sufficient petition for the purpose had in view in presenting it ; that, on the 29th day of August, 1882, it was made to appear to the said Fulton Circuit Court by affidavit that notice had been given of the filing of such petition by posting up notices in three public places in each of the townships in which the lands described in the petition were situated, and near the line of the proposed ditch, and one at the door of the courthouse, not less than twenty days before the day noted on the petition as the day set for docketing and hearing the same, or the commencing of the ensuing September term of said court.

The complaint further set forth the proceedings upon the petition in question, which resulted in a favorable report upon it by the commissioners of drainage, accompanied by assessments against the lands which it was supposed would be benefited by the construction of the proposed work ; also, in the confirmation of such report and the accompanying assessments ; in ordering the work to be constructed in accordance with the recommendations of the commissioners of drainage, and in appointing William J. Hill, one of such commissioners, and the predecessor of Martindale, the relator,

to superintend and enforce the construction of the proposed ditch.

It was still further made to appear by the complaint, that an assessment was made against each of the tracts of land belonging to Hackett, and particularly described therein, as the estimated value of the benefits which would result to it from the contemplated improvement; also, that Hill, as a commissioner of drainage, in charge of the work, ordered the respective amounts assessed against the lands for estimated benefits to be paid in instalments, as follows: Twenty per cent. on the 28th day of July, 1883; twenty per cent. on the 25th day of August, 1883; twenty per cent. on the 22d day of September, 1883; twenty per cent. on the 27th day of October, 1883, and twenty per cent. on the 24th day of November, 1883, and caused notice of such assessments to be given; that there was a balance still remaining due on the amounts assessed against Hackett's lands.

Hackett answered in four paragraphs, the first in denial and the others respectively setting up affirmative matters in defence.

Demurrers were sustained to the second, third and fourth paragraphs.

A cross-complaint was thereupon filed by Hackett, alleging that Hill, as the superintendent of the contemplated ditch, contracted with one Gelbaugh to make the necessary excavations at a fixed price; that Gelbaugh, under the pretext of digging the ditch ordered to be made, as in the complaint stated, entered upon the lands of him, the said Hackett, and dug a ditch thereon at another and totally different place from that fixed by the court, and nowise in accordance with the specifications adopted for its construction, whether as to depth, width or located line; that the said Gelbaugh claimed to have completed the ditch he had agreed to make according to his contract, but that he had not so completed such ditch, and that he was, in consequence, not entitled to any compensation for the work done by him in the manner above

stated; that the cost and price of the work properly done by Gelbaugh, under his contract, had all been fully paid for before the commencement of this suit; that the ditch petitioned for was established in May, 1883, and the contract for its construction was entered into during the month of June next succeeding; that by the terms of the contract the ditch was to have been completed by the 1st day of October in the same year; that Hill, as the superintendent of the work, had failed, neglected and refused to enforce the construction of the ditch according to the contract entered into, and the specifications furnished by him; that the relator, Martindale, since his appointment as a drainage commissioner, had also failed, neglected and refused, and still fails, neglects and refuses, to enforce the construction of such ditch according to the contract entered into, and the specifications adopted for that purpose; that the enforcement of the payment of the assessments sued for in this action would, for the causes hereinabove enumerated, result in great damage to Hackett, the cross-complainant. Wherefore Hackett prayed that the said Martindale might be restrained from further proceeding in this cause until the drain provided for should be fully completed, or until the necessary steps might, in good faith, be taken for its construction according to the terms and specifications contained in the contract entered into with Gelbaugh, and that he might have all other proper relief.

A demurrer was also sustained to the cross-complaint. Hackett then withdrew the first paragraph of his answer to the original complaint, and, declining to plead further, judgment was rendered for the enforcement and foreclosure of the assessment liens against his lands in accordance with the prayer of the complaint.

Questions are made here upon the sufficiency of the facts contained in the complaint, and upon the sustaining of the demurrer to the cross-complaint.

The first objection made to the complaint, which we regard as necessary to notice, is that the 29th day of August,

1882, the day on which it was alleged that it was made to appear to the court by affidavit that twenty days' notice of the filing of the petition had been given, was a day in vacation of the Fulton Circuit Court, of which fact we must take judicial notice, and hence an impossible date for the transaction of such a judicial proceeding as that alleged; also, that notice that a petition *had been* filed was not a compliance with the law, which requires that notice of *the intention to present* a petition shall be given. This allegation as to the time it was given, and the nature of the notice which was given of the presentation of the petition, was not aptly pleaded and evidently did not well state what the pleader intended to allege. If proof that full twenty days' notice had been given was made on the 29th day of the same month as that within which the petition was filed, then the notices must have been posted up as early as the 9th day of that month, which was three days before the petition was filed. The fair inference from all the averments of the complaint is, that some kind of notice of the presentation of the petition was given and that such notice was adjudged to have been sufficient by the court when it took action on the petition. This was, in any event, sufficient as against a collateral attack, and more than need have been shown affirmatively, according to some of our adjudged cases. *Indianapolis, etc., Gravel Road 'Co.* v. *State, ex rel.,* 105 Ind. 37; *McMullen* v. *State, ex rel.,* 105 Ind. 334; *Pickering* v. *State, etc.,* 106 Ind. 228; *Deegan* v. *State, etc.,* 108 Ind. 155.

Then, again, as Hackett was one of the petitioners for the construction of the ditch in controversy, he is estopped from claiming that he did not have proper notice of the presentation of the petition.

Section 4277, R. S. 1881, provides that the commissioner of drainage charged with the construction of a drain may require assessments made in aid of it to be paid in instalments, not exceeding twenty per cent. per month, at such

Hackett *v.* The State, for Use of Martindale, Drainage Commissioner.

times as he may fix after thirty days' notice to be given in a prescribed manner.

The further objection is made, that a full month did not elapse between most of the times fixed by Hill for the payment of the instalments in this case, and that, by reason of this irregularity, the validity of the assessments made by the court, upon the report of the commissioners of drainage, was destroyed.

In the first place we construe the provision of the statute, to which we refer, to mean that the commissioner of drainage in charge of the work may require assessments to be paid in instalments not exceeding twenty per cent. during each calendar month, and that the times fixed for the payment of such instalments need not necessarily be exactly one month apart. In the next place, conceding that Hill may have transcended his authority in fixing the times of payments, that did not invalidate the assessments as originally made by the commissioners of drainage and confirmed by the court.

As to the sufficiency of the cross-complaint, we need only say, in general terms, that the alleged misconduct of Hill, Gelbaugh and Martindale, whether considered severally or collectively, did not affect the order of court establishing the ditch and requiring its construction. Notwithstanding such misconduct, the power and duty of the court still remained to cause the assessments to be collected and the work to be completed in accordance with the spirit and intention of its order made in the first instance. A similar conclusion was reached in the case of the *Indianapolis, etc., Gravel Road Co.* v. *State, ex rel., supra.*

The judgment is affirmed, with costs.

Filed March 6, 1888.