No. 17,478.

SHRACK *v.* COVAULT, SHERIFF, ET AL.

INJUNCTION.—*Against Enforcement of Judgment.—Collateral Attack.*—A proceeding to enjoin the enforcement of a judgment by execution constitutes a collateral attack thereon, and cannot be maintained on account of errors for irregularities merely.
(See note at end of opinion.)

JUDGMENT.—*Collateral Attack.—Drainage.*—That a drainage ditch has not been constructed according to plans and specifications, does not render a judgment foreclosing a ditch lien vulnerable to collateral attack.

From the Blackford Circuit Court.

*Gregory & Silverburg, J. N. Templer & Son* and *Elliott & Elliott,* for appellant.

*T. E. Ellison,* for appellees.

HOWARD, J.—This was an action brought by the appellant to enjoin the appellees from collecting a judgment against him. A demurrer was sustained to the complaint, and this ruling of the court is the only error assigned.

It is a familiar doctrine, as said in *Krug* v. *Davis,* 85 Ind. 309, that such a proceeding to enjoin the enforcement of a judgment by execution constitutes a collateral attack upon the judgment and cannot be maintained on account of errors or irregularities merely, but only upon a showing that the judgment is void.

The judgment sought to be enjoined in the present case was rendered on foreclosure of a ditch lien; and we are of opinion that it clearly appears from the complaint that the judgment, to say the least of it, is not wholly void.

Shrack *v.* Covault, Sheriff, *et al.*

The drain in question is about eleven miles in length, and is located in the counties of Blackford and Jay. The petition for its establishment was filed in the Blackford Circuit Court September 4, 1884. The complaint in the case at bar shows that all the proceedings for the establishment of the ditch were taken in conformity with the provisions of the statutes then in force, and that the work was duly established by the court March 25, 1885, and a commissioner thereupon appointed to construct the same according to the plans and specifications approved by the court. Assessments were made against each tract of land found benefited, to the full amount of the benefits charged in each . case. The assessments were declared due and payable in five equal installments, the first payable on the 30th day of March, 1889, and the remaining installments upon the fourth Saturday of each month thereafter. Afterwards the appellee, Charles A. Rhine, as commissioner, brought suit against the appellant to collect the assessments so made against his lands, and on July 3, 1891, recovered judgment therefor, with a decree of foreclosure of the lien upon said lands. The judgment and decree so obtained are still in force; and it is to enjoin the collection of the same that this action was brought.

The reason given in the complaint why the collection of the judgment should be enjoined is, that the work has not in fact been constructed according to the plans and specifications, that the ditch was made too wide and too deep and the banks not of the proper slope.

Even if this were an appeal from the judgment and decree fixing the amount of the lien and foreclosing the same, and not as it is, simply a collateral attack upon that judgment, still we think the reason here

given against the validity of the judgment would be insufficient.

*The Indianapolis,etc., Grav. Road Co.*v.*State,exrel.*, 105 Ind. 37,which was an appeal from a judgment and decree for the collection of a ditch assessment, it was averred, in answer to the complaint, that the work did not conform to the plans and specifications or the order of the court; that the commissioner did not intend to construct such a ditch as ordered; that he had departed widely from the specifications in many particulars; that he could not, and did not, intend to finish the ditch; that he had abandoned about 500 feet of the work at the end of the ditch as proposed and laid out; and that, by reason thereof, the water would be poured into another ditch of inadequate capacity, and would be backed on and over the defendant's road, to its damage in a much larger sum than the amount of its assessment.  A demurrer was sustained to this answer, and that ruling was approved by this court.

Judge Mitchell, in giving the decision of the court in that case, said: "The drainage commissioner, while he is constructing the work, is under the control and direction of the court, and it is provided in the statute that he must obey such direction, subject to the penalty of being dealt with as for a contempt, or of being removed by the court, and subject to damages on his bond.  The remedy, therefore, is to apply to the court, and, through its order and intervention, secure the due execution of the work.  The proceeding establishing the ditch and assessing benefits having been regularly taken, payment of assessments may be enforced, and it will be no answer in such a case to assail either the practicability of accomplishing the work as ordered or the conduct of the commissioner who has its execution in charge."

So in *Hackett* v. *State*, 113 Ind. 532, also an action for the collection of drainage assessments and where the collection of the assessments was resisted on the plea that the ditch had not been constructed according to the plans and specifications, even so far that the ditch had been dug "at another and totally different place from that fixed by the court, and nowise in accordance with the specifications adopted for its construction, whether as to depth, width or located line," the court, in relation to such alleged misconduct of the superintendent of construction and of the contractor, said that such misconduct "did not affect the order of court establishing the ditch and requiring its construction. Notwithstanding such misconduct, the power and duty of the court still remained to cause the assessments to be collected, and the work to be completed in accordance with the spirit and intention of its order made in the first instance."

And in *Racer* v. *State*, 131 Ind. 393, which was an appeal from a decree for the collection of assessments for the construction of the same ditch now under consideration, the decree also being in favor of Charles A. Rhine, drainage commissioner, and one of the appellees in the case at bar, the court said: "But it by no means follows that because the duty of the commissioner is to compel the performance of the work in substantial compliance with the contract, his failure to do so will constitute a defense to a suit to enforce an assessment. The land-owner is not without remedy, but his remedy is not by way of defense to the assessment. His remedy is to make application to the court having control of the work, and whose agent the commissioner is, to compel a performance of duty by the contractor and the commissioner. This was expressly decided in the case of *Indianapolis, etc., G. R. Co.* v. *State, ex rel., supra* (105 Ind. 37). In that

case it was said: 'The remedy is, therefore, to apply to the court, and through its order and intervention secure the due execution of the works.' The answer in the case from which we have quoted is very much stronger than the answer in the case before us, for in that case the answer averred that it was impossible to construct the proposed ditch, and stated facts tending to support that averment; and it also averred that the ditch had been abandoned. It is clear, therefore, that we must either directly overrule that case or adjudge the answer before us to be insufficient. * * * * An order could have been obtained without delay, and the court could have compelled obedience by summary modes. If the appellant had been diligent no loss could have occurred to him or to any other property-owner by reason of a departure from the requirement of the contract."

The holding thus made in *Racer* v. *State, supra,* may be regarded, to all intents and purposes, as the law of the case at bar. While some of the parties are different, yet the facts and circumstances in the two cases are practically identical. In that case, a judgment for the collection of a ditch assessment was affirmed; in this case, what is substantially the same judgment, is sought to be overthrown by enjoining its collection. And no facts here pleaded show that the judgment which there successfully withstood a direct attack on appeal, is not here even more secure against collateral attack by injunction.

Appellant, however, contends that *Racer* v. *Wingate*, 138 Ind. 114, which was another and later action growing out of the construction of the same ditch, decides the issues in this case against the contentions of appellees. The only question decided in *Racer* v. *Wingate, supra,* was that the ditch was not constructed according to the plans and specifications.

The failure to observe the plans and specifications as set out in the complaint before us consisted in this: That whereas the plans and specifications required that the banks should be of the slope of one to one, and the width of the ditch at bottom to be from one foot to four feet, varying between certain stations; yet that the ditch was in fact constructed with perpendicular banks, and the width at bottom between said stations varied from three to fifteen feet.  In other words, the ditch was made more capacious than the specifications called for; and the banks were in that condition which they must assume after the waters had cut them away on each side.

Whether this rendered the ditch less useful to those assessed for its payment, was not a question before the court in the case of *Racer* v. *Wingate, supra.* The court, in that case, speaking of this very matter, said: "There was no issue involving such a question in the trial court.  The simple issue for trial related to the question as to whether the work was done according to the plans and specifications under which the work was ordered.  * * *  Indeed, we are unable to conceive how such an issue could be formed in this case.  Had this been a suit by the contractor against the drainage commissioner to recover compensation for his work, such an issue, perhaps, might have been tendered and tried."

And, again, in speaking of the collection of assessments, which is the matter under consideration in the case at bar, the court in *Racer* v. *Wingate,* referring to *Indianapolis, etc., G. R. Co.* v. *State,* and *Racer* v. *State, supra,* said: "Each of these cases was an action to recover assessments.  It was held, and we think properly, that it was no defense to such an action that the work was not completed according to the plans and specifications and the order of the court, nor was it

a defense to say that the commissioner and contractor were not prosecuting the work pursuant to the plans and specifications. * * * The collection of assessments to meet the expenses of constructing a public ditch is one thing, and determining the question as to whether it has been completed according to the order of the court is quite another and different thing."

Indeed, considering only what is said in the cases of *Racer* v. *State* and *Racer* v. *Wingate*, it must follow, as we think, that in the case at bar the court did not err in sustaining the demurrer to the complaint.

The restraining order heretofore issued by this court is, therefore, dissolved; and the judgment in the court below is affirmed.

Filed March 10, 1896.

NOTE.—The numerous decisions as to injunctions against execution sales, or other proceedings under final process, are collected in a note to *Parsons* v. *Hartman*, (Or.) 30 L. R. A. 98.