Studabaker v. Studabaker.

---

STUDABAKER v. STUDABAKER, ET AL.

[No. 18,496.   Filed Nov. 17, 1898.   Rehearing denied Jan. 11, 1899.]

DRAINS.— *Assessments.—Injunction.*—An injunction will not lie to prevent the collection of an assessment made for the construction of a public ditch for the reason that the ditch was not constructed according to the plans and specifications, where the complaint does not impute any invalidity to the proceedings establishing the ditch.   *pp. 90-95.*

SAME.—*Public Ditch.—Construction.—Duty of Engineer.*—It is the duty of the engineer who is appointed by the board of commissioners to superintend the construction of a public ditch, under the provisions of section 5690 *et seq.* Burns 1894, to see that the ditch is completed according to the terms of the contract, and upon the failure of the contractor to complete the work according to contract the engineer is invested with the power to have the job resold. *pp. 95, 96.*

SAME.—*Public Ditch.—Board Determines when Ditch is Completed.*— The board of commissioners determines when a public ditch, constructed under the provisions of section 5690 *et seq.* Burns 1894, is completed according to the terms of the contract.   *p. 96.*

Studabaker *v.* Studabaker.

DRAINS.—*Completion.*—*Right of Landowner to be Heard.*—The act of 1891 (section 5690 *et seq.* Burns 1894) providing for the construction of public drains contemplates that the petition for the proposed ditch shall remain upon the docket until the final completion of the work; that when the work is completed the engineer is to make a final report to the board for its approval, and any landowner whose land is affected by the improvement is entitled to appear before the board and controvert the question of the completion of the ditch. *pp. 96, 97.*

SAME.—*Assessments.* —*Injunction.*—*Complaint.*—Before an action to enjoin the collection of an assessment for a public ditch can be maintained, the portion of the tax which is valid must be paid or a tender thereof made, and such fact must be alleged in the complaint or it will not be sufficient to repel a demurrer. *p. 97.*

SAME.—*Assessments.*—*Injunctions.*—*Complaint.*—An averment in a complaint to enjoin the collection of a ditch assessment that plaintiff has paid all the taxes due is but a conclusion of the pleader, and will be disregarded. *p. 97.*

From the Wells Circuit Court. *Affirmed.*

*Levi Mock, John Mock* and *George Mock,* for appellant.
*J. S. Dailey, A. Simmons* and *F. C. Dailey,* for appellees.

JORDAN, J.—Appellees are the auditor and treasurer of Wells county, and appellant unsuccessfully sought to enjoin them from selling her real estate in satisfaction of a lien existing against it growing out of benefits assessed for the construction of a public ditch.

The complaint is in two paragraphs, the facts alleged in each being substantially alike. The lower court held each paragraph of the complaint insufficient on demurrer, and this ruling is the only error assigned in this appeal. The first paragraph of the complaint, by its averments, substantially discloses that in June, 1892, under an act of the legislature entitled "An act concerning drainage, etc.," approved March 7, 1891, a petition for the construction of a ditch was presented to the board of commissioners of Wells county. Such proceedings were had thereon that the board appointed three viewers who reported favorably on the construction of the proposed ditch and designated the line, or the route over

which it should be located, the manner of its construction, and the estimate of its cost, and assessed benefits to the respective tracts of land which would be benefited by the work, including the real estate of appellant. All of which matters set forth in such report of the viewers appears to have been confirmed and approved by the board, and the ditch was ordered to be established, and constructed; and, for the purpose of carrying this order into effect, the board appointed the surveyor of the county as an engineer to superintend the construction of the ditch. Contracts for the construction of the improvement were let accordingly, the contractors executing bonds as required by law.

The board of commissioners appear to have issued bonds of the county and negotiated them to raise money necessary to pay the cost and expenses incident to the construction of the ditch. After letting the work, the board directed that the assessments against the lands be placed upon the ditch tax duplicate, which order was accordingly carried into effect by the auditor.

The complaint avers that the auditor "wrongfully, unlawfully, and without right" placed upon the tax duplicate against plaintiff's real estate the sum of $1,422.21 and it is alleged that said assessment is unjust and void for the following reasons: "First, that said ditch was never constructed according to said plans and specifications as mentioned in said report and as confirmed by said board of commissioners, in the following particulars, to wit, that the excavation of said ditch was made with a dredge and the banks of said ditch were made perpendicular and uneven with no slope whatever and the bottom of said ditch was uneven, in holes, and covered with loose dirt; that the dirt was thrown out in piles and no slope whatever given same."

As a second reason it is stated, that, notwithstanding the specifications required the ditch to be of a certain width from stake No. 248 to stake No. 501, the board of commissioners, without any "legal notice and contrary to law and in

disregard of plaintiff's rights" after the contracts for the construction of the ditch had been let, and after the assessments had been made, by an order entered of record, changed the specifications so as to diminish the width of the ditch between the aforesaid mentioned stakes.

It is further averred that the contractors have been discharged and that the commissioners do not propose to complete the ditch and that, owing to the fact that the construction of said work has not been completed according to the original specifications, the work is of no benefit to the lands of the plaintiff, and that said lands have been advertised for sale on February 8, 1897, by the auditor of the county who is proposing to sell the same to satisfy an installment of said ditch assessment amounting to $489.87. The plaintiff, it is alleged, "has paid all the taxes justly due from him," and the prayer of the plaintiff is that a restraining order be granted, restraining the sale of the land in satisfaction of the installment mentioned, and that the assessments, on final hearing, be adjudged void, and the defendants be perpetually enjoined from enforcing the payment thereof.

The act under which the proceeding before the board of commissioners to construct the ditch in controversy, was enacted in 1891. See Acts of 1891, p. 455, section 5690 Burns 1894, and sections following. The first section of this statute authorizes the board of commissioners to locate and construct any ditch five miles and more in length upon the filing of the required petition. Section two designates the number of landowners who must petition for the improvement, and provides what facts shall be set forth in the petition, etc. The next section provides for the appointment of three viewers and prescribes their duties and the character of the report which they are required to make to the board of commissioners, etc. Section four relates to the time to be fixed for hearing the particular matters and things set out in the report of the viewers; also, as to the required notice to be given to the several landowners of the time fixed for the

hearing of the report.   Section five provides for the meeting
of the board, the time fixed to hear the report, and authorizes
the commissioners, if they find it to be fair and just according
to benefits, to approve and confirm the same.   Sections six
and seven relate to taking appeals to the circuit court by any
aggrieved party, and section eight makes provisions for fixing
a time to let the contracts for the construction of the work
and further provides that the surveyor or engineer appointed
by the commissioners shall be directed by them to superin-
tend the letting of such contracts, and requires the contract-
ors to execute bonds conditioned for the faithful perform-
ance of their contracts, and for the completion of the work
within the time fixed therein.

Section nine, among other things, provides for the sur-
veyor or engineer appointed to superintend the construction,
after he has let out the work, to make a report of his doings
to the auditor who is authorized to approve the bonds of the
contractors.   The board of commissioners under this section,
after the report of the engineer is made, is authorized to
either approve or disapprove the contracts let by him, and it
is provided that each contractor shall be liable on his bond
for all delays after the expiration of the time fixed for the
completion of his respective job, and for the payment of all
damages which shall accrue by reason of his failure to com-
plete the same within the time required.

Section ten provides that a job not completed within the
prescribed time, shall be resold without notice to the lowest
responsible bidder, but the same shall not be sold for a sum
greater than the estimate, nor shall it be sold a second time
to the same party.   Sections eleven, twelve, and thirteen pro-
vide that when the cost and expense of construction, and all
compensation and damages are ascertained, the commission-
ers are to meet and determine at what time, and in what
number of assessments they will require the same to be paid,
and are authorized to order the assessments as confirmed by
them, to be placed upon the tax duplicate against the lands

assessed, and in order to raise money to pay such cost and expenses, the board is empowered to issue and negotiate the bonds of the county, such bonds to be secured and payable out of the money derived from the assessments, and not otherwise. Assessments against the lands benefited, as provided by section twelve, are made a first and paramount lien thereon, in the same manner and form as other taxes.

Section fourteen makes the surveyor or engineer, auditor, board of commissioners, and clerk of the circuit court liable to a fine of $25 for the neglect of any duty imposed by the act in question; and section seventeen declares that the collection of taxes, under the act, shall not be enjoined nor declared void in consequence of any technical error committed by the viewers, engineer, county auditor, or board of commissioners; and section nineteen directs that the engineer appointed to superintend the work shall give a bond for the faithful performance of his duties and authorizes an action thereon by any person aggrieved by his failure to discharge such duties. By section twenty-one, after the construction of the ditch, the landowners through whose lands it is established, are required to keep it open and free from obstructions.

It is apparent, we think, that the provisions of the above act are ample for the complete construction of any ditch proposed and authorized to be established or constructed thereunder. The complaint, however, proceeds upon the theory that the installment of the benefits assessed against the land of appellant, for the payment of which appellees are proposing to sell her real estate, is absolutely void for the reason that the ditch has not been completed as provided for under the original specifications. The facts and matters, alleged in the complaint and upon which appellant bases her right to an injunction, do not pertain to the original proceedings to establish the ditch.

Neither the proceedings under which the work of constructing the ditch was inaugurated, nor the assessments as

originally confirmed, nor the final order directing the proposed work to be carried into effect, are challenged, and all of said proceedings or acts of the commissioners, under the facts, must be presumed to have been, in all respects, regular, and as conforming to the requirements of the law. The complaint does not impute any invalidity to the proceedings establishing the ditch for the reason that the board of commissioners was not invested with jurisdiction over the subject-matter, or on account of the absence originally of notice to appellant whose land is affected by the construction of the improvement. By the provisions of section seventeen of the act itself, which provision is but a recognition of the general principle, no irregularity upon the part of the board of commissioners, or other designated officials, can be made available to defeat by injunction the collection of taxes ordered to be levied for the construction of the work.

That a landowner cannot by a suit for an injunction obtain a review of the assessment of benefits against his land for the construction of a public ditch, is settled by our decisions. If such proceedings are absolutely void, a suit for an injunction can be maintained, but, if not void, the plaintiff cannot prevail, no matter how erroneous or irregular such proceedings may be shown to have been. *Montgomery* v. *Wasem*, 116 Ind. 343; *Indianapolis, etc., Gravel Road Co.* v. *State, ex rel.*, 105 Ind. 37; *Sunier* v. *Miller, Aud.*, 105 Ind. 393; *Cauldwell* v. *Curry, Treas.*, 93 Ind. 363; *Muncey* v. *Joest, Treas.*, 74 Ind. 409; *Shrack* v. *Covault*, 144 Ind. 260; *Duncan* v. *Lankford, Treas.*, 145 Ind. 145.

There is no doubt but what it is the duty, under the law, of the engineer who is appointed by the board as a superintendent, to see that the work of constructing the ditch is fully completed, as provided by the order of the board and the terms of the contract. *Racer* v. *State*, 131 Ind. 393. If a contractor fails or neglects to complete his job according to his contract, the engineer is certainly the proper person, and is invested with the power to have the job resold as provided

by section ten of the act in question. See *Commissioners,* *etc.*, v. *Krauss*, 53 Ohio St. 628, 42 N. E. 831. While there is no express provision in the statute requiring the board to determine when the ditch has been completed as ordered and designated in the contract of the contractors, still the law fairly implies and intends that the board shall perform this duty. It is an elementary rule that the grant of a principal power carries with it all necessary, subsidiary or implied powers; hence, the board of commissioners, under the express authority conferred upon it by the statute, to order the construction of such public improvement, is invested with such incidental or implied powers as are necessary to fully carry out the completion of the work. The discharge of such duties is as incumbent upon the board as are those expressly imposed.

In practice, it may be asserted that the law contemplates that the matter of the petition for the proposed ditch, or other improvement, shall remain upon the docket of the board of commissioners until the final completion of the work. The law, undoubtedly, further contemplates that when the work is completed according to contract, the engineer, who acts as a superintendent, is to make a final report to the board for its approval, and one of the essential matters, to be determined by the board in approving such report, is whether or not the work has been completed according to contract.

Any landowner, whose land is affected by the improvement would certainly be entitled to appear before the board and controvert the question of the completion of the ditch. *Smith* v. *State, ex rel.*, 117 Ind. 167; *Perkins* v. *Hayward*, 132 Ind. 95. This view of the case is incompatible with the contention of counsel for appellant that the law is invalid for the reason that the landowner is afforded no opportunity to be heard in respect to the final completion of the ditch. The mere fact that the ditch, in this case, has not been completed according to the plans and specifications, cannot be accepted

as a sufficient ground for enjoining the collection of the assessment. *Muncey* v. *Joest, Treas.*, 74 Ind. 409.

In the appeals of the *Indianapolis, etc., Gravel Road Co.* v. *State, ex rel.*, 105 Ind. 37, and *Racer* v. *State*, 131 Ind. 393, it was held that the landowner could not successfully interpose as a defense to the action to collect the ditch assessment the fact that the work had not been done and completed as required by the order of the court. His remedy, it was said in the latter case, was to apply to the court, whose agent the drainage commissioner is, to compel him and the contractor also to perform their duties. If the ditch in dispute has not been completed according to the terms of the contract which terms, we must presume, conform to the original specifications and order of the board of commissioners, and the appellant has been damaged by the failure to complete it, under the law, she has a remedy, and ample provisions are made by the statute for enforcing the completion of the work. But, it is evident that, under the facts, appellant can not invoke the writ of injunction to defeat the collection of the entire benefits assessed against her land.

If any portion of the tax in question is invalid, the part thereof which is valid ought to have been paid, or a tender of the money in payment thereof ought to have been made before an action to enjoin the collection of the residue could be maintained, and such tender, if refused, must be kept good by paying the money into court. These facts, in such cases, must be alleged in the complaint or it will not be sufficient to repel a demurrer. *Bundy* v. *Summerland, Treas.*, 142 Ind. 92, and cases there cited. Even though it could be held that a part of the tax in dispute is illegal, the complaint is fatally defective in not disclosing that the plaintiff has complied with the rule in respect to payment or tender. The averment that she has paid all the taxes due is not sufficient. Such an averment is but a conclusion upon the part of the pleader and therefore must be disregarded.

Neither of the paragraphs of the complaint is sufficient, and the demurrer was properly sustained. Judgment affirmed.