## STUDABAKER *v.* BOARD OF COMMISSIONERS OF WELLS COUNTY.

[No. 19,147. Filed May 14, 1901.]

DRAINS.—*Construction.*—*Appeal.*—Where a drain had been ordered established, under the act of March 7, 1891 (§5690 *et seq.* Burns 1894), an appeal will not lie from an order of the board of county commissioners refusing to appoint a commissioner to complete such drain, where the board orders the engineer to report on the condition of the work.

From the Wells Circuit Court. *Affirmed.*

*Levi Mock, George Mock* and *John Mock,* for appellant. *J. S. Dailey, Abram Simmons* and *F. C. Dailey,* for appellee.

BAKER, J.—In June 1892, James B. Gavin and others filed their petition for the construction of a ditch under the act of March 7, 1891. Acts 1891, p. 455, §§5690-5717 Burns 1894, §§4317c-4317dd Horner 1897. Proceedings were had which resulted in the establishment of a ditch and the assessment of appellant's real estate. On June 5, 1899,

appellant filed· a petition with the board of commissioners, averring that the ditch had never been constructed nor completed in accordance with the plans and specifications, and asking that the board appoint a commissioner to construct and complete the ditch· and that he be ordered to let contracts for such construction. The board refused to grant the petition, but ordered John H. Trostel, who had been appointed engineer to superintend the construction of the ditch, to make and file.a report as to the condition of the work. From this order an appeal was taken to the Wells Circuit Court. The board appeared and its motion to dismiss the appeal was sustained. Appellant assigns that the court erred in dismissing the appeal.

The act provides for the appointment of an engineer who shall receive bids, make contracts with the successful bidders, take bonds for the performance of the contracts, and supervise the construction of the ditch. The engineer is required to execute a bond for the faithful performance of his duties, and he is liable thereon to any person aggrieved by his failure to do his duty. It is his duty to see that the work is fully completed as ordered by the board and as provided by the terms of the contract. *Conn* v. *Board, etc.,* 151 Ind. 517; *Studabaker* v. *Studabaker,* 152 Ind. 89. Under the drainage statute in question and analogous statutes it is contemplated that the proceedings shall remain on the docket until the final completion of the work, that the board shall pass upon the engineer's report of completion, and that any landowner affected may appear and controvert the report. *Conn* v. *Board, etc., supra; Studabaker* v. *Studabaker, supra; Sarber* v. *Rankin,* 154 Ind. 236. In this case, the board, acting upon appellant's petition, ordered the engineer to make a report on the construction of the work. If the report was made, appellant could be heard upon exceptions. If the engineer failed or refused to report, appellant would have the right to apply to the board for his removal and the appointment of a successor who would re-

port.   On the engineer's report appellant could present issues which would be heard and determined by the board in the first instance and by the circuit court on appeal if the decision of the board should not be satisfactory. But, as the record stands, there was nothing for appellant to appeal to the circuit court.   Without waiting for an adverse party to be brought into the inferior court, appellant appealed to the circuit court and made the inferior court the defendant. The circuit court could do nothing but dismiss the appeal.

Judgment affirmed.